THE HEALTH DEPARTMENT OF THE CITY OF NEW YORK, Respondent, *against* MARY PINCKNEY, Appellant.

(Decided June 4th, 1877.)

The Health Department of the city of New York, created by the charter of 1873 (L. 1873, c. 335, § 80, p. 505), cannot sue for the penalty of $50 for violation of a special order made by it, as the Metropolitan Board of Health (created by L. 1866, c. 74) could.*

The Health Department of the city of New York, created by the charter of 1873, is not such a continuation of the Metropolitan Board of Health, created by the act of 1866 (L. 1866, c. 74), as to make the statutory regulations for the enforcement of penalties by the latter body applicable to it. *

The provisions of the act amending the charter of 1873 (L. 1873, c. 757, § 12, p. 1125); by which the "authority, duty and powers" of the Metropolitan Board of Health are conferred upon the Health Department, did not give the Health Department power to sue for penalties in those cases where, by statute, the Metropolitan Board of Health had been entitled to do so.*

APPEAL by the defendant from a judgment of the Third District Court, in the city of New York.

The facts are stated in the opinion.

*Allison & Shaw*, for appellant.

*W. P. Prentice*, for respondent.

---

* The same decision as in this case was made by the Court of Appeals in *Health Department* v. *Knoll*, 70 N. Y. 530.

CHARLES P. DALY, Chief Justice.—The action was brought to recover a penalty of $50 from the defendant, for neglecting to comply with an order made by the Health Department, directing her to fill up certain sunken lots, and the question presented and discussed upon the appeal is, whether the Health Department has a right to sue for such a penalty where it makes a special order, as in this case, and the party upon whom it is served neglects or refuses to comply with it.

The former Metropolitan Board of Health had such a right (L. 1866, vol. 2, p. 1462) ; but it does not follow that the present Department of Health have it, unless it is apparent that it was meant to be, and is, simply a continuation of the former body, with merely a change in the name, or a change or modification in some other respect, or unless there is some provision in the act creating it, or in some subsequent act, the intendment of which fairly is that it was to have this power.

It is not a continuation of the previous body, nor is there any provision in the act creating it reserving to it such a power ; but, in my judgment, the contrary.

The Metropolitan Board of Health was differently constituted, and had a different territorial jurisdiction, embracing the city and county of New York, and the whole or parts of adjacent counties, or so much of the territory of the State and of the cities, towns and villages thereof, as then composed the Metropolitan Police District of the State, and was denominated and known as the Metropolitan Sanitary District of the State of New York. It was composed of four sanitary commissioners of the district, appointed by the governor of the State, the health officer of the port of New York, and four commissioners of the Metropolitan police, who, together, constituted what was denominated the Metropolitan Board of Health. (L. 1866, c. 74, §§ 1, 2.) The present Health Department was created by the charter of 1873 (L. 1873, p. 505, ch. 335, § 80) for the city of New York alone ; and consists of the president of the board of police, the health officer of the port, and two commissioners of health, who, together,

constitute the board known as the Health Department of the city of New York, and which, within the limits of the city and county of New York, was created for the same purposes substantially, as the former Metropolitan Board of Health. We would not, however, be justified in holding that the new body, though created for the same general purposes, is to be regarded within the limits of the city and county of New York as a continuation of the previous body, so as to make the statutory regulations for the enforcement of penalties under the former body applicable to it. It differs in its organization, in its territorial jurisdiction, and what is more material, the act creating it contains entirely different provisions respecting penalties and the mode of enforcing them. The present body, the Department of Health, was required immediately upon its organization to frame a sanitary Code, embracing the existing sanitary ordinances, and to add to it, from time to time, for the security of life and health in the city of New York, and any violation of this Code, it is declared, shall be punished as a misdemeanor, and the offender shall also be liable to pay a penalty of $50, to be recovered in a civil action in the name of the mayor, aldermen and commonalty of the city of New York, and all orders made by the pre-existing department, it is declared, may be executed and compelled by the new body. The new body, the present Department of Health, had it in their power to provide by this Code, that for any violation of their orders under it, the offender should be subject to punishment for a misdemeanor, and also to a penalty of $50, leaving the penalty to be enforced, as the charter declares, in a civil action brought by the city. It is certainly a very anomalous proceeding, that for any violation of the sanitary Code, a penalty of $50 may be recovered by a civil action brought by the city, and that a penalty of $50 may also be recovered by the Department of Health for any violation of or refusal to comply with its orders, by the strained construction that the penalty of $50, which the former Metropolitan Board of Health might recover against any person who should "violate or refuse to conform to any ordinance, rule, sanitary regulation, or special or

general order of *that board*" (L. 1866, Vol. 2, p. 1462), continues in force, although that board is abolished, entitling the new body to recover the same penalty from any one who violates or refuses to comply with its orders. Under the former board there was no sanitary Code with penalties for the violation of its provisions framed by the board, though there may have been existing sanitary ordinances, and this circumstance creates an essential difference. The sanitary Code adopted by the Health Department has made a very important and material change ; and as the department could and still can make the proper provisions in the sanitary Code to enforce its authority by penalties to be prosecuted for in the mode provided for in the act creating it, there is no reason why it should resort to doubtful powers and be sustained in doing so. It is provided in the sanitary Code (§ 178), that any person who omits or refuses to comply with its orders shall be liable to the arrest, suit, penalty, fine and punishment provided for in the acts of 1866 and 1867 ; without saying anything about their liability to penalties or punishment under the charter of 1873, by which the department came into existence. This section (§ 178) also provides that any person who omits or refuses to comply with the provisions of the sanitary Code, shall be subject, not to imprisonment for a misdemeanor, and also to a penalty of $50, under, the 80th section of the charter of 1873, but to the arrest, suit, penalty, fine and punishment as provided and declared in the acts of 1866 and 1867, thus entirely ignoring the provisions of this 80th section of the charter of 1873, or, at all events, in no way referring in this section of the sanitary Code to the liability of the offenders for violation of the Code under the act of 1873. Indeed, if it were in the power of the department to do so in the framing of the Code, it was providing that the prior legislation should be superior to and control the subsequent legislation. It was, in fact, enacting that penalties for the violations of the Code should not, as the charter of 1873 declares, be recoverable in a civil action brought by the city, but in an action brought by the Department of Health, or, in other words, assuming to the Depart-

ment of Health the whole authority to bring actions for penalties, whether brought for the violation of the Code, or for refusing or neglecting to comply with its special orders.

By the charter of 1873, § 119, the city of New York was excepted from the act creating the Metropolitan Sanitary District and Board of Health, and the acts amendatory thereof, and all statutes and provisions of law creating that district, were repealed, so that the Department of Health, as one of the departments under the charter, was created distinct from, and not in continuation of, the former board, in whole or in part, and being, as the former was not, limited in its territorial jurisdiction to the city of New York, there was a reason for providing that actions for penalties under the charter should be brought in the name of the city, as they are brought in like cases, for the violation of ordinances and other matters connected with the municipal government of the city; that is by the corporation attorney, as the proper officer of the law department, which, by the charter, is to have the charge and conduct of all the law business of the corporation and of its departments, and of all law business in which the city of New York should be interested, except as otherwise in the charter provided; and all actions to recover penalties for a violation of any law or ordinance are, it is declared, to be brought in the name of the mayor, aldermen and commonwealth, etc., and *not in that of any department*, and are to be conducted by the corporation attorney, subject to the control of the corporation counsel. (L. 1873, c. 335, p. 495, art. VI.) All this legislation, when taken together, and especially as enacted and arranged in the charter, shows very clearly what was intended; that actions for penalties arising under laws relating to the city, were to be prosecuted for in the mode provided for in the charter, and not to be brought, as this action was, by one of the departments under the charter.

By the supplemental charter of 1873 (L. 1873, p. 1125, c. 787, § 12), it was declared that the authority, duties and powers conferred upon the Metropolitan Board of Health, which were not inconsistent with the provisions of the char-

ter, were conferred upon, vested in, enjoined upon, and were to be exclusively exercised in the city of New York by the Health Department and Board of Health created by the charter ; but were to be exercised in *the manner specified* in *the charter* and the acts amendatory thereof, and were *not to be inconsistent with it*—a provision which, so far from conferring upon the Department of Health the right to bring actions for penalties for the violation of the sanitary Code, or for any refusal or neglect to comply with its orders, recognized the provision already existing in the charter for the punishment and the penalty to which parties were to be subject who violated the provisions of the sanitary Code, and for the mode in which all actions for the recovery of the penalty were to be brought. The powers of the former Metropolitan Board of Health were conferred upon the Department of Health, so far as they were not inconsistent with the provisions of the charter, which, to my mind, clearly indicates that it was not intended to reserve to one of the departments the power to bring actions for penalties, the charter having expressly declared that such actions were not to be brought in the name of any department, but in that of the mayor, aldermen, etc. (L. 1873, p. 496, c. 335, § 38.)

This was the state of things up to the passage of the act of 1874 (L. 1874, c. 636, §§ 4, 5 and 8), which provided that the Board of Health might sue or be sued in the name of the Health Department of the city of New York, and that in all actions against the city in which any action, order, regulation, ordinance or proceeding of said board, or of any persons acting under or in pursuance of its authority, should be called in question, or made the subject of the action or proceeding, the Board of Health should be a necessary party and have a right to appear and take part therein by its own attorney and counsel, and might institute in its own name all such suits and proceedings as shall be *reasonable, necessary* and *proper,* for recovering any moneys expended enforcing any lien, or the payment of any fine, or the punishment for any offense, or in other respects carrying out the provisions of the laws under which it acts. This does not repeal the

provision of the charter, providing for the manner in which
suits shall be brought for the recovery of the penalty of $50
imposed by the charter, and if any meaning is to be attached
to the words "*reasonable, necessary* and *proper*," in respect
to suits for the payment of fines, it must mean cases for which
no provision is made, and it is not 'reasonable or necessary'
that they should sue for penalties for the violation of the
sanitary Code when the charter of 1873 has fixed the amount
of the penalty, and provided for the mode of its enforcement.
If, however, it may be construed as authority to the depart-
ment to sue in its own name for the penalty imposed by the
charter of 1873, which I by no means concede, it does not
apply to an action like this to recover a penalty of $50 for
refusing to comply with a special order of the Board of
Health, there being no existing law creating such a penalty ;
and no such penalty being created by the sections referred
to in the act of 1874. The provisions made by the char-
ter of 1873 superseded and took the place of the prior
provisions giving the Metropolitan Board of Health both
the power to sue for penalties as well as the penalties
themselves.    It provided for the penalty which was to
be recovered, and in no way continued the existing pen-
alties.    It provided also, as I have said, for the manner in
which that penalty should be sued for ; and there is nothing
in the act of 1874, authorizing the Health Department to sue
for it, or for any penalty for refusing or neglecting to comply
with its orders, for the authority, duties and powers of the
former Metropolitan Board of Health, which were reserved
to the present Department of Health by the act of 1873, were,
as I have said, by that act to be exercised in the manner
specified by the charter, and were not to be inconsistent with
it, which would be, and is the case, if actions are brought for
penalties under the acts of 1866 and 1867, instead of under
the sanitary Code, and in the manner provided for in the
charter of 1873. It is a familiar rule that penal acts are
to be construed strictly; that they are never to be extended
by implication ; and that that course is to be taken in their
construction which promotes, in the fullest manner, the ap-

parent policy and objects of the Legislature. (Potter's Dwarris, p. 245, *note*, and the cases there cited.) There is nothing in the act of 1874 which gives the Department of Health the power to impose any fine or penalty. It certainly contemplates their right to sue for the payment of a fine, and for all that I know, there may be cases to which it would apply. It does not, however, give the Department any such action as they have in this case brought to recover a specific penalty of $50, not for a violation of the sanitary Code, but for refusing to comply with a special order they have made.

In my opinion, this action was without authority of law, and the judgment should be reversed.

JOSEPH F. DALY and VAN HOESEN, JJ., concurred.

Judgment reversed.