In the Matter of the Application of the NEW JERSEY FIDELITY AND PLATE GLASS INSURANCE COMPANY, Petitioner, for a Certiorari Order to GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, Respondent.

Third Department, July 1, 1932.

*Samuel D. Macpeak* [*Patrick J. McGill* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, First Assistant Attorney-General, Samuel R. Feller* and *Harold Greenstein, Deputy Assistant Attorney-General,* of counsel], for the respondent.

HILL, J. Hearings were held by the Superintendent of Insurance as to violations of subdivision 8 of section·141 of the Insurance Law (added by Laws of 1911, chap. 460, as amd. by Laws of 1923, chap. 436) by the petitioner, the New Jersey Fidelity and Plate Glass Insurance Company, and its agent. He made a written decision, containing findings of fact. These were amply sustained by the evidence, and justified the conclusion that rates at variance with those filed had been charged for policies in at least thirty-six

separate instances. Each instance constituted a violation of the Insurance Law. The decision contains the following conclusions: " The company is guilty of wilfully violating Sections 141 and 141-b in the issuance of all of the aforementioned automobile policies. That Albert L. Lewinson, agent on all of the aforementioned automobile policies is also guilty of wilfully violating Section 141, Subdivision 8 of the Insurance Law." These conclusions in the decision were followed by what purports to be a judgment. " In view of the foregoing, I have concluded that: (1) The New Jersey Fidelity & Plate Glass Insurance Company shall forfeit to the People of the State of New York the sum of Ten Thousand Dollars ($10,000). Further, that it be required to cancel all of the foregoing policies that are now in force. (2) That all licenses that may have been issued to Albert L. Lewinson as either an agent or broker be revoked." The Superintendent in an instrument addressed to the petitioner further decides and determines concerning a request for a modification: " Careful consideration has been given to your request that the forfeiture of ten thousand dollars imposed upon your company for violation of filed rates and rules under the provisions of Sections 141 and 141-b of the Insurance Law of this State, be modified. I have reached the conclusion that while no warrant exists for such modification as to amount, arrangements may be effected for the payment of the forfeiture in quarterly installments over a period of not exceeding one year. If you care to do this, you should indicate that the amount will be thus paid, and the precise payment dates should be specified."

The decision and determination that the license of Albert L. Lewinson as an agent or broker be revoked should be confirmed, as the evidence justified the finding that the law was violated, and subdivision 4 of section 142 of the Insurance Law (added by Laws of 1913, chap. 7, as amd. by Laws of 1925, chap. 522; since amd. by Laws of 1932, chap. 299) empowers the Superintendent of Insurance to revoke the certificate of authority granted to an agent upon proof of a violation.

The Attorney-General, seeking to sustain the decision that the petitioner forfeit to the People of the State $10,000, argues that power to decree the forfeiture and to decide the amount thereof, together with the manner of its payment, was given to the Superintendent by the Legislature by the last sentence of subdivision 8 of section 141 of the Insurance Law. " Any person, association, corporation or rating organization wilfully violating any of the provisions of this section shall, in addition to any other penalty fixed therefor by statute, forfeit to the people of the State of New York not less than twenty-five dollars nor more than one thousand

dollars for each such offense." *Oceanic Navigation Co.* v. *Stranahan* (214 U. S. 320), relied upon by the Attorney-General to sustain the legality of the Superintendent's decision, falls short of its claimed effect. That case dealt with the United States statute* which provided that no person or transportation company should bring into the United States an alien afflicted with a loathsome or dangerous contagious disease, and provided as a penalty to be imposed that any violator " shall pay to the Collector of Customs of the customs district in which the port of arrival is located the sum of one hundred dollars for each and every violation of the provisions of this section; and no vessel shall be granted clearance papers while any such fine imposed upon it remains unpaid, nor shall such fine be remitted." It was determined by the Supreme Court of the United States that the provision did not violate the due process clause of the Constitution (Fifth Amendt.), and further that money paid under protest was paid involuntarily and, if unlawfully exacted, could be recovered in a suit therefor. Explicit authorization was there given to a specified official to levy a fixed penalty for each violation. No such authorization is contained in the Insurance Law. The Superintendent of Insurance has no inherent power but only such as is conferred by statute. It was his duty to give notice of petitioner's violation to the Attorney-General. (Public Officers Law, § 72, subd. 2.) Article 71 of the Civil Practice Act provides the procedure by which the civil action for the penalty shall be brought by the Attorney-General. Where a statute imposes a penalty, unless special modes are prescribed, it is to be collected by a civil action at law. (*City of Buffalo* v. *Schliefer,* 25 Hun, 275; *City of Buffalo* v. *Preston,* 81 App. Div. 480; *People ex rel. Kane* v. *Sloane,* 98 id. 450; *City of Buffalo* v. *Neubeck,* 209 id. 386, 388.)

The portion of the decision of the Superintendent of Insurance affecting the petitioner, the New Jersey Fidelity and Plate Glass Insurance Company, should be annulled, with fifty dollars costs and disbursements.

All concur; McNAMEE, J., not voting.

The portion of the decision of the Superintendent of Insurance purporting to impose a penalty of $10,000 upon the New Jersey Fidelity and Plate Glass Insurance Company is annulled, with fifty dollars costs and disbursements.

---

* Alien Immigration Act of March 3, 1903 (32 U. S. Stat. at Large, 1213, chap. 1012, § 9; repealed, 34 id. 911, chap. 1134, § 43).— [REP.