EDWARD S. GODFREY, JR., as Commissioner of Health of the State of New York, Plaintiff, *v.* WINONA LAKE DEVELOPMENT COMPANY, Defendant.

Supreme Court, Special Term, Albany County, November 13, 1946.

*Nathaniel L. Goldstein, Attorney-General* (*Royal D. Woolsey* of counsel), for plaintiff.

*Henry Hirschberg* and *Ernest M. Levinson* for defendant.

BERGAN, J. The violation of an order or regulation of the State Commissioner of Health creates a liability for a penalty of $50 for each violation. (Public Health Law, § 17.) The subject of sewage plants is within the powers of regulation delegated to the commissioner.

It is pleaded in the complaint, and not denied in the answer, that defendant undertook to install a sewage treatment plant. It is not denied that a hearing was conducted under the direction of the Commissioner of Health; that a decision was made by the commissioner in the form attached to the complaint, and that a review of the determination has not been sought by the defendant.

These admissions seem to me to leave no triable issue of fact open in this action. The proceedings of the State Health Department in enforcing the provisions of the Public Health Law and the Sanitary Code are, so the statute reads literally, to be treated as judicial in their nature. (Public Health Law, § 2-c.)

They are not, therefore, open to collateral attack in this action. (*United States Trust Co. v. Mayor of City of New York*, 144 N. Y. 488; *Mayor of City of New York v. Davenport*, 92 N. Y. 604; *Buffalo & State Line R. R. Co. v. Board of Supervisors of Erie Co.*, 48 N. Y. 93; *Sheils v. Flynn*, 164 Misc. 302, 313.)

In using the language that the determinations of the Health Department "shall be treated as prima facie just and legal" (§ 2-c) the question was not left open to be determined in an action at law. The language had application necessarily, and only, it seems to me, to the status of the determination when it is reviewed directly in pursuance of article 78 of the Civil Practice Act. It is there that the burden, under the statutory language, would rest on the party attacking the judicial determination to show that it was unjust or not in conformity with law.

But if the subject and the party are within the jurisdiction of the Health Department and a proceeding is conducted under the frame of its powers, the determination must be treated as conclusive unless it has been directly reviewed. The effect of the statute in declaring proceedings so conducted to be judicial in their nature can have no other meaning.

It is, therefore, not open to a judge or a jury, in considering an action to enforce the penalty imposed, to determine that a violation of the terms of the permit or order had not occurred or that the penalty was excessive or unreasonable. The only question that would be open in this action is a failure of jurisdiction, and that is not pleaded as a defense.

Judgment for plaintiff. The motion for a change of place of trial, being academic, is not passed upon.

Submit order.