Donald S. Taylor, J.
In this proceeding the Public Service Commission, pursuant to subdivision 2 of section 63-y of the Public Service Law, seeks to enjoin defendant from further violations of the provisions of article 3-B thereof by engaging in the transportation of property as a common carrier by motor vehicle on public highways of the State of New York without a certificate of public convenience and necessity authorizing its operations. A hearing was held. The proceeding presents no factual issues.
Defendant is engaged in the business of transporting under their own power motor vehicles owned by others from New York City to destination points in Westchester, Suffolk, Putnam and Nassau Counties by chauffeurs whose services it supplies. In the transportation industry this is known as the “ drive-away ” method of conveying motor vehicles. Although its application for a certificate of public convenience and necessity to operate as a common carrier of property by motor vehicle previously had been denied by petitioner, the defendant has continued to engage in the operation. Whether the regulatory power of the Commission extends to this method of transportation is the crux of the controversy.
Section 63-i of article 3-B of the Public Service Law provides, in part, as follows: “ 2. The provisions of this article apply to transportation of property by motor carriers and to the procurement of and the provision of facilities for such transportation, and the regulation of such transportation, and of the procurement thereof, and the provision of facilities therefore, is hereby vested in the department of public service. 3. Nothing in this article shall be construed to apply to * * * (c) the transportation of property wholly within a municipality or between contiguous municipalities or within a zone adjacent to and commercially a part of any such municipality or municipalities ’ ’.
Subdivision 30 (par. [b]) of section 2 of the Public Service Law states: “ The term ‘ common carrier by motor Vehicle ’ means any person who or which undertakes, whether directly *1009 or by lease or any other arrangement, to transport property, or any class or classes of property, for the general public by motor vehicle for compensation ’ ’.
Subdivision 30 (par. [f]) of section 2 of the same law reads: ‘ The ‘ services ’ and transportation ’ to which article three-b applies include all vehicles operated by, for, or in the interest of any motor carrier irrespective of ownership or of contract, express or implied, together with all facilities and property, operated or controlled by any such carrier or carriers and used in the transportation of property or in the performance of any service in connection therewith.”
These statutory provisions are sufficiently comprehensive to embrace the defendant’s activities in the transportation field. It appears that since the enactment of section 63-i (supra) in 1938 the petitioner consistently has applied the statute to the driveaway method of delivering motor vehicles. Such practical construction of its terms through a uniform course of conduct extending over a period of more than 20 years by the agency charged with its administration is of cogent significance. The Legislature is charged with knowledge of the Commission’s interpretation and its failure to intervene indicates acquiescence therein. (RKO-Keith-Orpheum Theatres v. City of New York, 308 N. Y. 493; see, also, Board v. Hearst Pub., 322 U. S. 111, 131.) The defendant’s operations clearly fall within the regulatory dominion of the petitioner.
The contentions of the defendant that its operations in any event are within the exemptive provisions of the statute are unmeritorious. It urges that the entire County of Nassau should be deemed a municipality contiguous to the City of New York and hence within the exemption provided by the statute. To support this position it relies on subdivision 16 of section 2 of the Public Service Law which reads: ‘ The term ‘ municipality,’ when used in this chapter, includes a city, village, town or lighting district, organized as provided by a general or special act, provided, however, that the county of Nassau shall be deemed a ‘ municipality ’ and consents issued by such county pursuant to the transportation corporations law and the county government law of Nassau county shall be deemed ‘ consents of local authorities ’ for the purpose of applying every provision of this chapter applicable to consents of local authorities.” Bead in context, the subdivision constitutes this county a “ municipality ” only for the limited purpose of granting underlying consents theretofore required of local authorities as conditions precedent to the issuance of certificates *1010 of public convenience and necessity for the operation of omnibus lines. Its purpose is not otherwise exemptive.
To achieve exemption for its operations the defendant further contends that the order of the petitioner which fixed the limits of the commercial zone of New York City to the city itself and the Towns of Hempstead and North Hempstead, including the City of Long Beach, in Nassau County and the Cities of Yonkers, Mount Vernon and New Rochelle, and the Towns of Pelham and Bast Chester in Westchester County is arbitrary and capricious. It argues that in the light of modern commerce the metropolitan area now should be deemed to embrace all of the Counties of Westchester, Nassau and Suffolk. The answer to this contention is that the subject matter and the defendant are within the jurisdiction of the petitioner and its determination within the frame of its powers is impervious to collateral attack. (Matter of Golden v. Joseph, 307 N. Y. 62, 68; Godfrey v. Winona Lake Development Co., 194 Misc. 905.)
Finally, the claim of the defendant that the petitioner has not sought injunctive relief against others similarly engaged in the transportation industry is unsubstantial.
Accordingly, the prayer of the petition which seeks injunctive relief is granted.
Submit order.
The papers will be forwarded with the signed order.