■ HERMAN E. HILLEBOE, as Commissioner of the Department of Health of the State of New York, Appellant, v. PERCY FAULKNER, Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, without costs of this appeal to either party. Memorandum: This is an action for penalties of $25 per day against the operator of a farm labor camp. The theory of the complaint seems to have been that the penalties had been assessed pursuant to an administrative hearing and that the administrative determination was a binding adjudication of the defendant's liability for the penalties, in the absence of a judicial review under article 78 of the Civil Practice Act. That is not correct. The hearing was not held for the purpose of determining the imposition of penalties at all. The hearing was held pursuant to subdivision 5

of section 1331 of the Public Health Law solely for the purpose stated in the notice " to determine whether an order should be made directing all persons to vacate said premises until any and all conditions dangerous to public health and safety have been satisfactorily eliminated." The State therefore relied upon an erroneous theory for proof of its case. The complaint should be treated as one in an action at law for penalties under section 1331. The burden is upon the State to prove the giving of notice of violation pursuant to subdivision 2 of section 1331 and to prove the number of days during which the violations continued after the elapse of five days after the giving of notice. The notice of violation pursuant to subdivision 2 was sent by certified mail. Under subdivision 2, notice must be served by registered mail unless there was an address of the defendant on file with the department, in which case ordinary mail to that address would suffice. The trial court held that certified mail was not the equivalent of registered mail and, therefore, dismissed the action. However, on the facts presented, it could well have been found that an address had been filed by the defendant. If that is found to be the fact, service of the notice by ordinary mail would be sufficient and there would be no need to reach the question of whether certified mail is the equivalent of registered mail. Under these circumstances, the judgment must be reversed and the case remitted for a new trial. For the guidance of the court upon the trial, attention is directed to subdivision 2 of section 10 of the Public Health Law, which provides that written reports of State and local health officers and inspectors " shall be presumptive evidence of the facts so stated therein, and shall be received as such in all courts and places." The administrative determination that there were violations at the camp which warranted its closing may be binding upon the defendant as to that fact (*Godfrey* v. *Winona Lake Development Co.*, 194 Misc. 905) but, of course, it does not establish the other essential elements of the cause of action for penalties, namely, the giving of notice and the continuance of the violation for the alleged number of days after the elapse of five days after the giving of the notice. (Appeal from a judgment of Allegany Supreme Court dismissing plaintiff's complaint on the merits, in an action to recover penalties imposed by section 1331 of the Public Health Law in connection with the claimed operation of a farm labor camp without a permit.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.