## (June 12, 1962)

■ In the Matter of GILBERT GROSSMAN, Petitioner, v. HERMAN E. HILLEBOE, as Health Commissioner of the State of New York, Respondent.

PROCEEDING under article 78 of the Civil Practice Act (transferred to the Appellate Division of the Supreme Court in the First Judicial Department by an order of the Supreme Court at Special Term, entered in New York County) to review and annul a determination of the Health Commissioner of the State of New York that petitioner had, in four separate respects, violated article 33 of the Public Health Law. Petitioner was assessed a penalty of $250 for each violation.

MEMORANDUM BY THE COURT. Determination of Health Commissioner dated August 6, 1959 modified, on the law and on the facts, to the extent of annulling the first, second and fourth decretal paragraphs, reducing to $50 the penalty assessed in respect of the " Third " charge, and, as so modified, confirmed, without costs. The annulled decretal paragraphs relate to charges denominated " First ", " Second " and " Fourth " of the notice of hearing dated May 5, 1959; they are not substantiated by the record of the proceedings. (*Matter of Stammer* v. *Board of Regents*, 287 N. Y. 359.) There is no legal evidence that the petitioner violated the Public Health Law in that he did not in good faith prescribe and administer narcotic drugs (§ 3330); or that he made and uttered false prescriptions for such drugs (§ 3351); or that he unlawfully possessed such drugs (§ 3305). Although the Commissioner is not bound by the laws of evidence, his determination must be grounded on legal evidence sufficient to sustain it. (Public Health Law, § 12-a, subd. 2.) The determination as to the " Third " charge is sustained by the testimony, reports of the health officers (Public Health Law, § 10, subd. 2) and the admissions of the petitioner. The record establishes the petitioner violated section 3344 of the Public Health Law in that he treated many habitual users of narcotic drugs over long periods and failed to report their names and addresses to the Department of Health. It was within the competence of the respondent to institute the proceeding, make the determination and assess the penalty. (Public Health Law, §§ 12, 12-a, 206; *Godfrey* v. *Winona Lake Development Co.*, 194 Misc. 905; see, also, *Hilleboe* v. *Faulkner*, 10 A D 2d 806; *Matter of Sutton* v. *Hilleboe*, 12 A D 2d 469.) * The holding in *Matter of New Jersey Fid. & Plate Glass Ins. Co.* v. *Van Schaick* (236 App. Div. 223) that the Superintendent of Insurance was without statutory power to impose the penalty is distinguishable on the ground

* Chapter 317 of the Laws of 1961, amending subdivision 4 of section 206 of the Public Health Law by adding paragraph (e), serves to confirm the antecedent authority of the Commissioner to assess penalties. (N. Y. S. Legis. Ann., 1961, p. 209.)

that the provisions of the Public Health Law grant to the Commissioner of Health broad powers to "enforce the public heath law" (§ 206, subd. 1, par. [f]) and to conduct hearings (subd. 4). The limitation of subdivision 2 of section 50 of the Civil Practice Act is inapplicable to this proceeding. (*Matter of Corwin* v. *Mercier*, 14 A D 2d 652.) The reduction to $50 of the penalty in respect of the "Third" charge is in accord with the statute in force (Public Health Law, § 12) prior to July 1, 1957, during which the violation occurred.

EAGER, J. (dissenting in part). I would annul the determination of the Health Commissioner in its entirety, without costs. I agree that the first, second and fourth decretal paragraphs in the determination of the Health Commissioner should be annulled for the reasons set forth in the majority memorandum. I would also hold, however, that the determination is invalid, in its entirety, as unauthorized by the statute in effect at the time of the institution of the proceedings and at the time made.

Subdivision 1 of section 12 of the Public Health Law provided (at the time of the alleged violations) that a person who violates any provision of the Public Health Law "shall be liable to the people of the state for a civil penalty of not to exceed fifty dollars for every such violation". It was not until April 6, 1961, that the Health Commissioner was expressly given the power to assess and fix the penalty for such a violation. (See Public Health Law, § 206, subd. 4, par. [c], eff. April 6, 1961.)

The liability for the penalty fixed by subdivision 1 of section 12 of the Public Health Law was to the People of the State of New York and not to the Commissioner. It was the duty of the Commissioner to give notice of the petitioner's alleged violations to the Attorney-General. (Public Officers Law, § 72, subd. 2.) By the express provisions of the statute, sections 1178, 1182 of the Civil Practice Act, the penalty was recoverable by means of an action to be brought by the Attorney-General and the court or jury trying the action was empowered to fix the penalties. There was no provision in the Public Health Law or in any other law prior to April 6, 1961 expressly empowering the Health Commissioner to assess or fix a penalty in a particular case or to take proceedings looking toward the recovery of the same.

The decision in *Godfrey* v. *Winona Lake Development Co.* (194 Misc. 905, 907, BERGAN, J. [cited in the majority opinion]), is not an authority for holding that the Health Commissioner acted within its powers. There it was merely determined that the proceedings of the Health Commissioner (including the finding of a violation and the imposition of a penalty therefor) were not open to collateral attack in an action to recover the amount of a penalty; but that such proceedings should have been reviewed directly in an article 78 proceeding wherein the defendant would be entitled to show that the action of the Health Commissioner was "unjust or not in conformity with law"; and that "The only question that would be open in this action is a failure of jurisdiction, and that is not pleaded as a defense." Here, however, the question of the power of the Commissioner is directly raised in an article 78 proceeding.

Clearly, an administrative officer, such as the Commissioner of Health, has only such powers as are conferred by statute. (See 1 N. Y. Jur., Administrative Law, § 31; *Matter of New Jersey Fid. & Plate Glass Ins. Co.* v. *Van Schaick*, 236 App. Div. 223.) Here, concededly, the statute did not expressly confer upon the Commissioner the power to initiate and conduct proceedings for the purpose of assessing and fixing the penalty against one who violated the provisions of the Public Health Law. Clearly, too, such jurisdiction cannot be conferred upon him by implication. (1 N. Y. Jur., Administrative Law, §§ 16, 33.) The rule is that a particular power in an administrative officer, "not expressly granted by statute is implied only where it is so essential

to the exercise of some power expressly conferred as plainly to appear to have been within the intention of the Legislature. The implied power must be necessary, not merely convenient, and the intention of the Legislature must be free from doubt." (1 N. Y. Jur., Administrative Law, § 32, p. 343.) Thus, the power of the Commissioner to fix and assess penalties, not being expressly granted by the statute, was not to be implied from the mere general statutory provisions (Public Health Law, § 206, subd. 1, par. [f]; subd. 4) then in effect conferring upon the Commissioner general powers in the matters of the enforcement of the Public Health Law and the conducting of hearings in health matters. To so expand such general statutory provisions to have the effect of conferring this specific power upon the Commissioner was not necessary to give effect to the particular penal provisions and, thus, the power may not be implied from the existence of such general provisions.

Furthermore, the provisions of section 12 for a penalty, like all penal statutes, must be strictly construed. (See *Faingnaert* v. *Moss,* 295 N. Y. 18, 22, 23; *People ex rel. Kane* v. *Sloane,* 98 App. Div. 450, 452.) Such provisions and related statutes alleged to be applicable for the assessing and recovery of the penalty may not be expanded beyond their plain terms. So, where, as here, there existed by express statutory provision (Civ. Prac. Act, §§ 1178, 1182 aforesaid) a special remedy applicable for the recovery of the penalty by the People of the State, namely, an action by the Attorney-General with express provisions for the fixing of the penalty by a trial court or jury, the aforesaid general provisions of the Public Health Law may not be extended beyond their plain terms to provide another remedy. In other words, a liberal construction or application of said general provisions may not be resorted to for the purpose of conferring upon the Commissioner of Health the power to represent the People of the State and to fix this particular penalty where the power to represent the People was expressly given to the Attorney-General and the power to fix the penalty expressly vested in a court or jury to act on a trial of the action. Thus, I conclude that the Commissioner's action in the matter of taking proceedings against the petitioner to fix and assess penalties against him for violation of the Public Health Law was, at the time taken, void for lack of power. (See *Saltser & Weinsier* v. *McGoldrick,* 295 N. Y. 499; *Matter of New Jersey Fid. & Plate Glass Ins. Co.* v. *Van Schaick, supra*; *Matter of Grandview Dairy* v. *Baldwin,* 239 App. Div. 640; *Health Dept.* v. *Pinckney,* 7 Daly 260.)

McNally, Stevens and Steuer, JJ., concur in Memorandum by the court; Eager, J., dissents in opinion in which Rabin, J. P., concurs.

Determination of Health Commissioner dated August 6, 1959, modified, on the law and on the facts, to the extent of annulling the first, second and fourth decretal paragraphs, reducing to $50 the penalty assessed in respect of the " Third " charge, and, as so modified, confirmed, without costs.