NEW YORK STATE THRUWAY AUTHORITY, Appellant, *v.* MAISLIN BROS. TRANSPORT LTD. et al., Respondents.

Fourth Department, December 3, 1970.

*Louis J. Lefkowitz, Attorney-General (Jeremiah Jochnowitz and Ruth Kessler Toch* of counsel), for appellant.

*Pottle, O'Shea, Adamson, Reynolds & Napier (Philip J. O'Shea* of counsel), for respondents.

BASTOW, J.   The complaint herein sought monetary relief based upon two causes of action.   Plaintiff moved for summary judgment on the first cause and defendants cross-moved to

dismiss the second cause. Special Term denied plaintiff's motion and granted defendants' motion. Plaintiff appeals.

The first cause is based on the claimed per se liability of defendants pursuant to provisions of the Vehicle and Traffic Law (as of January, 1966) regulating the height of vehicles on public highways (§ 385, subd. 2) and further authorizing (§ 393) the bringing of an action against the owner and operator of any vehicle responsible for damage to, among other things, a bridge as the result of movement of a vehicle over a highway in violation of the statutory provision restricting the height thereof.

One of the individual defendants on January 18, 1966 was operating a tractor owned by one corporate defendant and trailer owned by the other corporate defendant. Loaded on the trailer were two vehicles known as backhoes. While being operated on the Thruway one of the backhoes struck the underside of a bridge causing extensive damage to the structure which was owned and maintained by plaintiff.

Initially, defendants contend that plaintiff lacks standing to bring the action. While plaintiff is not explicitly named in section 393 of the Vehicle and Traffic Law as one authorized to bring the action, we find no legislative intent that plaintiff should be excluded from relying on the statutory provision. Fairly construed the provision was designed to protect all public highways and structures thereon whether maintained by the State, local governmental bodies, or public authorities. We conclude that plaintiff had standing to bring the action (cf. Public Authorities Law, § 354; *Matter of Plumbing Assn.* v. *New York State Thruway Auth.*, 5 N Y 2d 420).

Contrary to the conclusion of Special Term we find no triable factual issue of the negligence of defendants. There is clear proof that the underpass had a clearance of at least 13.98 feet. The combined height of trailer and backhoes — as measured shortly after the accident — totaled 14 feet. Defendants make a feeble attempt to establish that the height of trailer and load while at the loading dock was 12½ feet but the proof has no probative value.

It is recognized that the question of a party's negligence is ordinarily one of fact to be determined by a jury. But the situation is different when the undisputed facts are consistent with only one conclusion. (*Gerard* v. *Inglese*, 11 A D 2d 381.) The statute prohibited the operation of a vehicle on a public highway (when, as here, transporting vehicles) with a height in excess of 13½ feet. Since the combined height of trailer

and vehicles thereon was 14 feet, we find no triable issue as to defendants' negligence.

Respondents contend, however, that in any event there is a factual issue as to plaintiff's contributory negligence. This defense is not available to defendants. Here the statute gave to plaintiff a cause of action for damages caused by a vehicle of a height greater than statutorily permittted. The statute is one that clearly provides for absolute liability. In such event the defense of contributory negligence is not available. (*Van Gaasbeck* v. *Webatuck Cent. School,* 21 N Y 2d 239, 243; *Utica Mut. Ins. Co.* v. *Mancini & Sons,* 9 A D 2d 116, 120.)

In the second cause of action plaintiff sought to recover treble damages pursuant to sections 320 and 326 of the Highway Law. These sections read together authorize a Town Highway Superintendent or the State Superintendent of Public Works to recover such damages as a penalty or forfeiture from anyone "whoever shall injure any highway or bridge maintained at the public expense".

It is familiar law that a statute imposing a penalty or forfeiture shall be strictly construed and is not to be extended by implication or construed to cover cases not clearly within its terms (44 N. Y. Jur., Penalties and Forfeitures, § 8). It follows that the statutory provisions here under consideration may not be liberally construed and extended beyond the explicit authorization so as to vest in plaintiff the right to recover the penalty (cf. *Matter of New Jersey Fid. & Plate Glass Ins. Co.* v. *Van Schaick,* 236 App. Div. 223, affd. 261 N. Y. 521). The second cause of action was properly dismissed.

The order denying plaintiff's motion for summary judgment on the first cause of action should be reversed, the motion granted and the case remanded to Supreme Court, Erie County for appropriate proceedings for assessment of damages. The order granting defendants' motion to dismiss the second cause of action should be affirmed.

GOLDMAN, P. J., MARSH, MOULE and HENRY, JJ., concur.

Order, denying plaintiff's motion for partial summary judgment, unanimously reversed on the law with costs, motion granted and case remanded to Supreme Court, Erie County, for appropriate proceedings for assessment of damages.

Order, dismissing the second cause of action, unanimously affirmed without costs.