Habold R. Soden, J.
This is a motion pursuant to CPLR 7511 to vacate an arbitrator’s award.
George J. Smith, an art teacher and a member of the respondent association, was first employed by the petitioner school in the 1961-1962 academic year. He claims and has continued to claim that he is now being employed on the wrong salary step because his starting salary in 1961-1962 was incorrect, being one step lower than it should have been. Though he was advanced annually as agreed by the parties, he claims he still should be advanced by one salary step higher than he now enjoys. Prior to the present proceedings, Smith filed a grievance with the respondent in which he asked for redress from the error made by the petitioner in respect to his salary for the 1961-1962 academic year and thereafter. The grievance apparently was processed in regular order but the determination was against Smith. On October 7, 1970, Smith filed a petition with the Commissioner of Education of the State of New York appealing from an adverse decision by petitioner school.
On June 15, 1971, the commissioner handed down his decision which, in pertinent part, reads: ‘ ‘ Eight years transpired between the purportedly illegal act and the institution of this appeal. No satisfactory explanation of this inordinate delay has been given by petitioner and therefore, his appeal must be dismissed upon the grounds of laches and for failure to comply with the requirements of Section 275.16 of the regulations of the Commissioner of Education, which provides that an appeal must be instituted within 30 days after the action complained of. The appeal is dismissed.”
No appeal of this decision was taken to the Appellate Division, Third Department and, hence, such is final.
Now, comes the present proceeding to which this motion is addressed. Smith was hired for the 1972-1973 academic year and began teaching at petitioner school on September 6, 1972. Knowing of this grievance, he filed an identical grievance a second time on October 6, 1972 in contravention of section IV 4.2 of the Collective Bargaining Agreement which reads as follows: “ 4.2 No written grievance will be entertained as described below, and such grievance will be deemed waived unless written grievance is forwarded at the first available stage *916 within fifteen (15) school days after the teacher knew or should have known of the act or condition on which the grievance is based.”
This second grievance was again processed through Stages 1, 2 and 3, all of which resulted in an adverse decision to Smith, based on a late filing in violation of the 1972-1973 collective bargaining agreement. Instead of again proceeding by appeal to the Commissioner of Education, Smith proceeded by way of arbitration.
Section VI 6.1 of the collective bargaining agreement provides, in pertinent part: ‘ ‘ After such hearing, if the Association is not satisfied with the decision at Stage 3, and the grievance-is meritorious and constitutes a violation of this agreement, it may submit the grievance to arbitration by written notice to the Board of Education within five (5) school days of the decision at Stage 3.” (Emphasis added.)
Attached to the contract is a further written agreement by ■the parties hereto which reads as follows: “ The parties agree that the only grievance which shall be arbitrable hereunder 'shall he violations of the terms of this agreement, and all other claims included in the, definition of a grievance her ¿under shall not be the subject of arbitration.” (Emphasis added.)
The only three questions stipulated by the parties that were to be presented to arbitrator Shapiro were as follows:
“A. Under the terms of the agreement between the parties, is the School District required to entertain the grievance of george smith, dated October 4, 1972?
“ B. If yes, is the grievance arbitrable?
“ 0. If yes, what procedure should now be undertaken with reference thereto? ”
At no time during the hearing before the arbitrator did the association or the grievant, Smith, point out any violation of the bargaining agreement. In fact, there is no provision in the agreement concerning placement of a teacher on any salary step.
The -arbitrator, Irving R. Shapiro, held the arbitration hearing of Smith’s identical grievance, heretofore decided by the Commissioner of Education -of the State of New York on Eebruary 21, 1973, and rendered his decision in favor of Smith on May 14,1973.
In the first instance, the arbitrator’s hearing and decision is a collateral attack upon a final determination in which the Commissioner of Education denied this identical grievance because of “ laches and for failure to comply with Section 275.16 of the Regulations of the Commissioner of Education.” (Ottinger v. *917 Arenal Realty Co., 257 N. Y. 371; Matter of McLean v. Jephson, 123 N. Y. 143; Matter of Everly v. Weaver, 7 Misc 2d 965; Ballou v. Reid, 106 N. Y. S. 2d 939; Levy v. 1165 Park Ave. Corp., 138 N. Y. S. 2d 24, affd. 280 App. Div. 912, affd. 305 N. Y. 607; Godfrey v. Winona Lake Development Co., 194 Misc. 905.)
This grievance, however, which was filed by Smith on October 4,1972, perhaps may be construed as a “ continuing grievance ” following the decision of the New York State Commissioner of Education, dated June 15,1971.
Arbitrator Shapiro, in his decision of May 14, 1973 in favor of Smith, held and found as a fact that the school district was required to entertain the grievance notwithstanding the unambiguous language of the agreement as to the timeliness of filing a written grievance, when known; and further held that the grievance was arbitrable even though no proof of a violation of the bargaining agreement was established by the grievant or the association; and further held that the grievance was to be entertained by the school at Step 2 contrary to the specific language of the bargaining agreement and that within five days of the decision of the Board of Education on the merits of the grievance the arbitrator should be advised because the arbitrator was keeping exclusive jurisdiction.
This court is aware of the many cases upholding the position that an arbitrator has the authority to establish the facts and law in an arbitration hearing before him, all of which is not reviewable by a court of law. Here, however, when an arbitrator finds facts absolutely in contradiction of the unambiguous language of the written agreement of the parties — finds that a matter is arbitrable with no proof of a violation of the contract and flies in the face of a decision of the Commissioner of Education of the State of New York dismissing the same grievance, and further finds that a party to the agreement must do an act which is not provided for in the agreement and then keeps exclusive jurisdiction of the matter, the arbitrator surpasses the realm of neutrality and in effect has made a new contract for
the parties. (Matter of National Cash Register Co. [Wilson], 8 N Y 2d 377, 383; Matter of S & W Fine Foods [Office Employees Int. Union, Local 153, AFL-CIO], 7 N Y 2d 1018; Matter of Wilkins, 169 N. Y. 494, 496-497; Steelworkers v. Enterprise Corp., 363 U. S. 593, 597.)
Submit order accordingly, vacating the decision of arbitrator Shapiro herein dated February 21, 1973 upon the ground that it is a collateral attack on a previous final decision and upon the grounds of CPLR 7511 heretofore stated.
Petitioner is awarded costs.