■ STATE OF NEW YORK, Respondent, v BERNARD GAGE et al., Defendants and Third-Party Plaintiffs-Appellants. GENERAL ELECTRIC COMPANY, Third-Party Defendant.—Appeal from an order of the Supreme Court at Special Term, entered December 18, 1974 in Albany County, which granted plaintiff's motion for summary judgment on the issue of liability. The plaintiff brought the instant action to recover damages pursuant to sections 385 and 393 of the Vehicle and Traffic Law for damage to a highway bridge

which was struck by a large electric pump motor being transported on a flat-bed tractor trailer owned by appellant Pacific Intermountain Express Co. and operated by appellant Bernard Gage. Special Term, in granting summary judgment, concluded that there was no triable factual issue that appellants' "vehicle inclusive of its load was in height in excess of the statutory maximum 13 and one-half feet" and that appellants, therefore, were absolutely liable. We concur *(New York State Thruway Auth. v Maislin Bros. Transp.,* 35 AD2d 301). Appellants attempt to produce factual issues, but it is undisputed that the bridge was struck and clear that it was higher than 13.5 feet above the road. We find no merit in appellants contention that statutory civil liability is limited to unloaded vehicles higher than 13 feet (see *New York State Thruway Auth. v Maislin Bros. Transp., supra).* Order affirmed, with costs. Greenblott, J. P., Mahoney, Main, Larkin and Reynolds, JJ., concur.