OPINION OF THE COURT
Wayne A. Feeman, Jr., J.
issues
The petitioner has brought this proceeding pursuant to CPLR article 78, asking that an inmate disciplinary proceeding be nullified and expunged from his record.
The petitioner contends first that such a disciplinary proceeding may not be predicated upon an inmate misbehavior report made by a parole officer, since such an officer is not an employee of the Department of Correctional Services.
The petitioner contends secondly that, in any event, since the rules and regulations regarding temporary release imposed upon him at the Albion Correctional Facility, where he *185 formerly was incarcerated, were not properly filed with the Secretary of State, he was deprived of due process in being prosecuted for alleged violation thereof.
The petitioner also challenges the administrative determination that he was guilty of possessing an unauthorized identification card.
The court first addresses the issue of whether a disciplinary proceeding may be commenced by the filing of an inmate misbehavior report issued by a parole officer, rather than by a correction officer.
INMATE MISBEHAVIOR REPORT
The Rules and Regulations of the Department of Correctional Services provide that a report of an incident of inmate misbehavior shall be made in writing "by the employee who has observed the incident or who has ascertained the facts” (7 NYCRR 251-1.4 [b]; emphasis added).
As a result of Laws of 1977 (ch 904, eff Jan. 1, 1978) parole officers are now employees of the State Division of Parole rather than the State Department of Correctional Services (see, Executive Law § 259 et seq.).
Courts in New York have traditionally held that statutes and rules "imposing a penalty or forfeiture” are to be "strictly construed and * * * not * * * extended by implication or construed to cover cases not clearly within [their] terms” (New York State Thruway Auth. v Maislin Bros. Transp., 35 AD2d 301, 303 [4th Dept 1970]; 44 NY Jur, Penalties and Forfeitures, § 8).
It bears emphasizing that the instant proceeding was not one in which a parole officer merely provided a supporting evidentiary affidavit to accompany, or to substantiate, a correction officer’s inmate misbehavior report. Also, although the respondents emphasize that two correction officers signed the report as witnesses, the court does not consider such signing to constitute "making” the report, within the purview of 7 NCYRR 251-1.4 (b).
The respondents have set forth no authority for the proposition that the term "employee” as used in 7 NYCRR 251-1.4 (b) is intended to include individuals other than those "employed” by the Department of Correctional Services.
Moreover, the court notes that in the statement of legislative findings and purpose recited in Laws of 1977 (ch 904, § 1), *186 the Legislature prescribed "the necessary measure of independence [on the part of the Division of Parole] from the department of correctional services”. An expansive construction of the term "employee” would contravene the legislatively expressed intention of independence between the two agencies.
While the term at issue is contained in an administrative rule rather than in a statute, the court also notes, by way of analogy, the provision in McKinney’s Consolidated Laws of NY, Book 1, Statutes § 271 that: "Generally, penal statutes are to be strictly or narrowly construed. It is otherwise stated that penal statutes are strictly construed against the party seeking their enforcement and in favor of the person being proceeded against.”
Accordingly, the court concludes that the term "employee” must be narrowly construed, and that the instant disciplinary proceeding must be nullified.
ADDITIONAL ISSUES
In view of the court’s ruling on the threshold question, there is no need to address the remaining issues raised by the petitioner.
CONCLUSION
The inmate disciplinary proceeding shall be deemed nullified and all references to such proceeding shall be expunged from the petitioner’s record.