OPINION OF THE COURT
Peter R. Sprague, J.
issue
Pursuant to section 3388 (4) of the Public Health Law, the petitioner has instituted this special proceeding for the judi *586 cial determination of whether the forfeiture of a 1973 Lincoln Continental automobile has been incurred by operation of section 3388 (2) of the Public Health Law.
The respondent has moved for dismissal of the petition on jurisdictional grounds.
ANALYSIS
The Legislature has provided in subdivision (5) of section 3388 of the Public Health Law that when, a District Attorney institutes a forfeiture proceeding under that section:
"[njotice of the institution of the forfeiture proceeding shall be served either:
"(a) personally on the owners of the seized property; or "(b) by registered mail to the owners’ last known address and by publication of the notice once a week for two successive weeks in a newspaper published or circulated in the county wherein the seizure was made.”
In the case at bar the District Attorney served the notice of petition and petition upon the respondent’s attorney and did not serve notice upon the respondent himself by either of the alternative methods set forth in section 3388 (5).
Courts in New York have traditionally held that statutes "imposing a penalty or forfeiture” are to be "strictly construed and * * * not * * * extended by implication or construed to cover cases not clearly within [their] terms” (New York State Thruway Auth. v Maislin Bros. Transp., 35 AD2d 301, 303 [4th Dept 1970]; McKinney’s Cons Laws of NY, Book 1, Statutes § 271; 44 NY Jur, Penalties and Forfeitures, § 8).
Furthermore, the Due Process Clause of the Fourteenth Amendment, which Professor Siegel has called "the principal constitutional restraint on potential excesses of state judicial power” (Siegel, NY Prac § 58), mandates that a defendant or respondent must be afforded "notice” and an "opportunity to be heard” (Mullane v Central Hanover Trust Co., 339 US 306; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 301.04 et seq.).
The burden of proving that jurisdiction over the person of the respondent has been obtained is on the petitioner (1 Weinstein-Korn-Miller, op. cit. ¶ 301.07).
In this case the court concludes that the petitioner has failed to meet his burden, and that the notice requirements of *587 subdivision (5) of section 3388 are jurisdictional in nature. Noncompliance with the explicit statutory notice requirements may not be deemed a "mere irregularity”.
Since the court does not find the requisite jurisdiction, it need proceed no further.
The petition is dismissed.