## Wilson et ux., Appellants, *v.* Philadelphia et al.

OPINION BY MR. JUSTICE DREW, April 12, 1938:

This bill in equity was filed by S. Davis Wilson and his wife as taxpayers of the City of Philadelphia to restrain enforcement of the amended City Sales Tax Ordinance of February 24, 1938, already discussed in *Blauner's, Inc., v. City of Philadelphia*, 330 Pa. 340. From

the dismissal of the bill, after hearing preliminary objections, these appeals were taken. We shall consider here only the questions raised which were not covered in the other case.

As observed by the court below, this bill is defective for want of proper parties. It is brought against the City and certain of its officers, not including, however, the Mayor of Philadelphia, whose duty it is to enforce the ordinance; this for the very obvious reason that S. Davis Wilson is himself the Mayor and cannot appear in an attack upon its own enactment which he is bound by his oath of office to uphold and enforce. There is no exception to this salutary rule of law, and it is necessary to a sound public policy. However, since the bill may be amended, and because of the interest of the public in the questions involved, we prefer to dispose of the case upon its merits.

It is claimed that the title of the ordinance is defective in that it fails to state that the tax is imposed upon retail sales alone. The Charter Act of June 25, 1919, P. L. 581, states that the subject of a bill "shall be clearly expressed in its title," so that all will be put on notice of its contents. We think this sufficiently appears in the statement that the ordinance imposes a "tax upon sales of certain tangible personal property," which puts all on notice to inquire what sales and property are taxed.

The only real challenge of merit in the bill is that the tax is unconstitutional for lack of uniformity, because the ordinance provides: ". . . in computing the amount of the tax, fractions less than one-fourth of a cent of tax shall be disregarded and fractions of more than one-fourth of a cent of tax shall be computed as one cent" (section 3). The practical result of this method of levy is that on sales of 12½ cents or less the tax is not collected and on sales of any amount over 12½ cents to and including 62½ cents the tax is one cent. The reason for this is obvious; complete equality could be se-

cured only by the coinage of tax tokens or the issue of stamps in denominations of one-fifth mill. Every purchase involving an odd number of cents would require a unit that small to compute the tax accurately at two per cent. Such a solution, it seems to us, would be both oppressive and unnecessary. The learned court below very well said: "The amount involved is so trifling as to be neither burdensome nor confiscatory and we might well apply the maxim: 'De minimis non curat lex.' Aside from that however we do not think the ordinance offends the requirement of uniformity for the rate of impost does not vary even though the actual amount collected may vary with each taxpayer: *Turco Paint and Varnish Co. v. Kalodner,* 320 Pa. 421, 426. It is true that the application of the rate of impost of 2% on a 15 cents purchase will amount to only .003 cent but this amount the purchaser can only pay with a penny, while if he makes a number of 15 cents purchases he does not have to pay the penny on each but only 2% on the total. But this may very well involve another fractional amount, which must also be paid with a penny. We do not however think the uniformity clause of the constitution is violated because of this result. The rate of taxation is the same and it is the same for everybody."

There is no such thing as perfect uniformity and equality in taxation. The best that can be done, and all that is required, is that it should approximate uniformity and equality as nearly as possible: *Williamsport v. Wenner,* 172 Pa. 173, 182. The requirement of uniformity does not demand mathematical precision. We are certain the ordinance is not defective in this respect and that the bill was properly dismissed.

This opinion is filed pursuant to our order of March 23, 1938, affirming the decree at the appellants' cost.