RKO-KEITH-ORPHEUM THEATRES, INC., et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, and PARAMOUNT PICTURES THEATRES CORP. et al., Intervenors-Respondents, *v.* CITY OF NEW YORK et al., Appellants.

Argued March 3, 1955; decided May 26, 1955.

*Peter Campbell Brown, Corporation Counsel (Stanley Buchsbaum, Morris L. Heath* and *Solomon Portnow* of counsel), for appellants. I. The provision of the amusement tax law for applying the customary and common-sense method of dealing with fractions of a cent does not render it invalid as exceeding the 5% limitation of the State enabling act. (*Jensen Candy Co.* v. *State Tax Comm.,* 90 Utah 359; *Wilson* v. *Philadelphia,* 330 Pa. 350; *Smoky Mountain Canteen Co.* v. *Kizer,* 193 Tenn. 598; *F. W. Woolworth Co.* v. *Gray,* 77 N. D. 757; *Morrow* v. *Henneford,* 182 Wash. 625; *Mouledoux* v. *Maestri,* 197 La. 525; *People ex rel. Onondaga Co. Sav. Bank* v. *Butler,* 147 N. Y. 164; *Holmes* v. *Carley,* 31 N. Y. 289; *Matter of Chatlos* v. *McGoldrick,* 302 N. Y. 380; *Fischer's Pool Swimming Club* v. *Towamencin Twp.,* 69 Montgomery Co. Law Rep. 389, 87 Pa. D. & C. 157.) II. There is no conflict between section B32–5.0 of the Administrative Code, which is designed to prevent ticket gouging, and the city

amusement tax law. Even if there were a conflict, the later tax law would govern and any inconsistent provisions of the earlier enacted local law would fall. (*People* v. *Knopfer,* 192 Misc. 521; *Matter of Schmidt* v. *Wolf Contr. Co.,* 269 App. Div. 201, 295 N. Y. 748; *Matter of Chatlos* v. *McGoldrick,* 302 N. Y. 380; *Riggs* v. *Palmer,* 115 N. Y. 506; *Matter of Tiffany,* 179 N. Y. 455; *Contractors' Supply Co.* v. *City of New York,* 153 App. Div. 60; *Grill* v. *City of New York,* 282 N. Y. 471; *People ex rel. Bronx Parkway Comm.* v. *Common Council,* 229 N. Y. 1; *Matter of Washington St. Asylum & Park R. R. Co.,* 115 N. Y. 442; *Pratt* v. *Munson,* 84 N. Y. 582.) III. The court disposes of cases in accordance with the law at the time the matter is decided on appeal. (*Robinson* v. *Robins Dry Dock & Repair Co.,* 238 N. Y. 271; *People ex rel. Clark* v. *Gilchrist,* 243 N. Y. 173; *Matter of Kahn [Nat. City Bank],* 284 N. Y. 515; *Matter of Boardwalk & Seashore Corp.* v. *Murdock,* 286 N. Y. 494; *Quaker Oats Co.* v. *City of New York,* 295 N. Y. 527.) IV. Retrospective curative legislation is valid so long as it does not violate constitutional rights. (*Lane* v. *Johnson,* 283 N. Y. 244; *Matter of Tartaglia* v. *McLaughlin,* 297 N. Y. 419; *Bradford* v. *County of Suffolk,* 257 App. Div. 777, 283 N. Y. 503; *Matter of Pardee* v. *Rayfield,* 192 App. Div. 5, 230 N. Y. 543; *People ex rel. American Exch. Nat. Bank* v. *Purdy,* 196 N. Y. 270; *Charlotte Harbor Ry.* v. *Welles,* 260 U. S. 8; *Wagner* v. *Baltimore,* 239 U. S. 207; *Mattingly* v. *District of Columbia,* 97 U. S. 687.) V. Retroactive tax legislation is valid unless it reaches so far into the past as to constitute a deprivation of property without due process of law. (*Welch* v. *Henry,* 305 U. S. 134; *Milliken* v. *United States,* 283 U. S. 15; *Brushaber* v. *Union Pacific R. R.,* 240 U. S. 1; *People ex rel. Best & Co.* v. *Graves,* 265 N. Y. 431; *Matter of Lacidem Realty Corp.* v. *Graves,* 288 N. Y. 354.)

*Edward C. Raftery, Thomas Bress, Leopold Friedman, Milton C. Weisman, Cecelia H. Goetz, Mitchell Klupt, Edward S. Masket, Herbert B. Lazarus, Louis Weber and William Gold* for respondents. I. The court below correctly held that the New York City amusement tax " insofar as it provides for the collection of a full cent in cases in which the tax as computed includes a fraction of a cent, imposes a tax in excess of that permitted by the enabling act." II. The city is entirely without

authority to impose a tax in excess of 5%. The legislative intent must be sought primarily in the language of the enabling act. That language unequivocally limits the city to a tax of 5%. (*Gillespie* v. *Zittlosen,* 60 N. Y. 449; *People ex rel. New York Central & H. R. R. R. Co.* v. *Woodbury,* 208 N. Y. 421.) III. The enabling act must be strictly construed against the city. (*Matter of Good Humor Corp.* v. *McGoldrick,* 289 N. Y. 452; *Matter of Second Ave. M. E. Church,* 66 N. Y. 395; *City of Johnstown* v. *Wells,* 242 App. Div. 103, 275 N. Y. 623; *Socony-Vacuum Oil Co.* v. *City of New York,* 247 App. Div. 163, 272 N. Y. 668; *Matter of Swift,* 137 N. Y. 77.) IV. Whether fractions may be rounded does not depend upon custom and usage but upon the language of the enabling act. There has been no practical and administrative construction of the enabling act. (*Kocak* v. *Metropolitan Life Ins. Co.,* 144 Misc. 422, 237 App. Div. 780; *Matter of Manhattan Sav. Inst.,* 82 N. Y. 142; *People ex rel. West Side Elec. Co.* v. *Consolidated Tel. & Elec. Subway Co.,* 187 N. Y. 58; *Browne* v. *City of New York,* 213 App. Div. 206; *Cummings* v. *Board of Educ. of City of N. Y.,* 275 App. Div. 577, 300 N. Y. 611.) V. The fact that the city will be unable to collect as much in taxes if it respects the 5% ceiling as it would collect if it were permitted to pierce it, does not make the literal language of the statute absurd, unreasonable or illogical. (*Fischer's Pool Swimming Club* v. *Towamencin Twp.,* 69 Montgomery Co. Law Rep. 389, 87 Pa. D. & C. 157.) VI. The amount by which the city has exceeded its authority is very substantial. (*Matter of Atlas Television Co.,* 273 N. Y. 51.) VII. The court below should have held the amusement tax invalid, *in toto.* (*Hill* v. *Wallace,* 259 U. S. 44; *United States* v. *Reese,* 92 U. S. 214; *Carter* v. *Carter Coal Co.,* 298 U. S. 238; *Stewart Dry Goods Co.* v. *Lewis,* 294 U. S. 550.) VIII. The amusement tax law is illegal, void and unenforcible against licensed places of amusement such as plaintiffs' because compliance with the law will expose plaintiffs to criminal prosecution, fine and/or imprisonment and revocation of license. IX. Repeal by implication is not regarded favorably. (*Peterson* v. *Martino,* 210 N. Y. 412; *People* v. *Dwyer,* 215 N. Y. 46; *Matter of Brooklyn, Queens Co. & Suburban R. R. Co.,* 185 N. Y. 171; *People ex rel. Folk* v. *McNulty,* 256 App. Div. 82; *United States* v. *Cardiff,* 344 U. S. 174.) X. The Legislature usurped a judicial function when it under-

took to declare the intent of a previous Legislature. (*Koshkonong* v. *Burton,* 104 U. S. 668; *People ex rel. Mutual Life Ins. Co. of N. Y.* v. *Board of Supervisors of City & Co. of N. Y.,* 16 N. Y. 424; *Salters* v. *Tobias,* 3 Paige Ch. 338; *Personal Finance Co. of Braddock* v. *United States,* 86 F. Supp. 779; *People ex rel. Beck* v. *Graves,* 280 N. Y. 405.) XI. The retroactive validation of a statute which imposes criminal penalties and other sanctions is unconstitutional under the New York Constitution (art. I, § 6) and under the Fourteenth Amendment of the United States Constitution. (*Matter of Lacidem Realty Corp.* v. *Graves,* 288 N. Y. 354; *Goddard* v. *Frazier,* 156 F. 2d 938, 329 U. S. 765; *First Nat. Bank* v. *City of Covington,* 103 F. 523; *Personal Finance Co. of Braddock* v. *United States,* 86 F. Supp. 779.)

VAN VOORHIS, J. In 1954 the New York City Council adopted Local Law No. 37 imposing a tax of 5% upon admission charges to certain places of amusement. This meant that patrons of moving picture theatres are required to pay this tax when purchasing their tickets. The theatre is responsible for transmitting the tax money thus collected from the patron to the city. Five per cent computed upon admission prices of theatre tickets would often result in requiring theatregoers to pay fractions of a penny. The local law imposing this tax states that " Where the tax to be paid by a patron includes a fraction of one cent, the fraction shall not be paid when it is less than one-half cent and a full cent shall be paid when the fraction is one-half cent or more ". (Administrative Code of City of New York, § G46-2.0, subd. d.) Fractional parts of a cent thus disposable are colloquially known as " breakage ".

The plaintiff theatres have brought this action for a declaratory judgment seeking a determination that the local law imposing this tax is void, and, more especially, for an adjudication that the portion of this local law is void which directs the collection of an entire additional cent tax in instances where only half or a major fraction of a cent is due. Mathematically considered, the result in certain instances is to require payment of more than a 5% admissions tax.

The enabling act does limit the amount of the tax which may be charged by the municipality to 5%. It does state that taxes

" not in excess of five per cent on admissions " may be charged by the city " to be collected and administered in such manner as may be provided by any such local law " (L. 1947, ch. 278, amd. by L. 1948, ch. 651; L. 1949, ch. 806; L. 1950, chs. 589, 590; L. 1951, ch. 602; L. 1952, chs. 742, 789; L. 1953, ch. 547, and L. 1955, ch. 93). This is the same enabling act which authorizes counties or cities to charge retail sales taxes, business use taxes, vending machine taxes, consumers' public utility taxes and other forms of local taxation. Section 7 (now § 10 thereof) provides that " The state tax commission shall prepare model local laws, ordinances, resolutions and regulations for the assistance of local officials and shall otherwise advise and cooperate with them for the purpose of effectuating uniform administration and distribution of such taxes." Pursuant to this authority, the State Tax Commission has prepared model forms which dispose of breakage in similar manner to the present in case of the retail sales tax (2 Commerce Clearing House State Tax Reporter [N. Y.], § 73–175, alternate reg. 14) and the consumers' utility tax (2 Commerce Clearing House Tax Reporter [N. Y.], § 73-450, sec. 3, § 73-460). These procedures, essentially the same as in the case of the New York City admissions tax, have been followed by municipalities throughout the State, which are hereafter enumerated.

The dissenting Justices at the Appellate Division considered that the manner of handling breakage prescribed by this local law of New York City should be sustained under the doctrine of *de minimis non curat lex*. The splitting of a penny was regarded as too inconsequential to put the court in motion. Special Term concluded that the enabling act authorizing a tax of 5% should be read in the light of the custom of the business community to add one whole cent wherever the correct amount calls for a half or major fraction of a cent. The majority at the Appellate Division were impressed by the fact that the amount of municipal revenue at stake in this method of handling breakage is substantial, and that the breakage constitutes more than a minimal proportion of the total admissions tax. For these reasons, the Appellate Division held that the doctrine of *de minimis* does not apply.

The burden of paying the admissions tax, as has been stated, falls upon the patron of the theatre. We think that in deciding

whether to apply the doctrine of *de minimis non curat lex,* the problem should be studied from the viewpoint of the purchaser of a theatre ticket. When he buys his ticket, he is not likely to consider whether the extra payment will range from 5% to 9% of the admission tax imposed upon his ticket, but in his eyes it is simply the payment of one additional penny due to the circumstance that the currency of the country does not admit of paying less than that amount. Coins representing mills are no longer produced by the United States mint. The abstract justice of paying the exact amount due in monetary transactions has been thought by the Congress to be outweighed in importance by the inconvenience of coins of such infinitesimal value. Consequently the custom has arisen of paying an extra cent if the amount mathematically payable would be one half of one cent or more, and of disregarding the extra cent where the computation comes to less than half a cent.

If plaintiffs be correct in their computation that the city has at stake about $1,600,000 (although this figure allows for no offset by reason of instances where the fraction of the extra cent is less than half a cent and consequently is disregarded), this amount would be substantial to the city, nor is the fraction of the admissions tax negligible that is represented by breakage, yet practically speaking the breakage is inconsequential in amount to the patron when he buys his ticket. From the viewpoint of the person who pays this tax, the breakage is *de minimis.* The reason for charging the extra cent would be manifest to any theatregoer if brought to his attention, for it fits into his habit in other departments of life.

Nor is the established administrative procedure in levying and collecting taxes of all of the varieties mentioned to be disregarded as a practical construction of this statute. We are authoritatively informed that a practice respecting breakage similar to that in use in collecting the admissions tax in New York City has been followed in Binghamton and Elmira, and that five cities in the State have enacted sales taxes pursuant to the same enabling act which dispose of breakage in the same manner (Local Laws, 1954, No. 2 of City of Auburn, § 3; Local Laws, 1950, No. 1 of City of Newburgh, § 3, p. 219 [now expired]; Local Laws, 1951, No. 1 of City of Niagara Falls, § 3, p. 318; Local Laws, 1949, No. 2 of City of Poughkeepsie, § 3 [published

in Local Laws, 1950, p. 432]; Local Laws, 1947, No. 17 of City of Syracuse, § 3, p. 423). Erie and Monroe Counties have followed the same procedure in their sales taxes adopted in 1947 and in 1952 (2 Prentice Hall New York Tax Service, §§ 68,308, 68,956), which is likewise true where a consumers' utility tax has been adopted. This method of dealing with breakage, it has been previously stated, has been prescribed by the State Tax Commission.

If plaintiffs be correct in their contention, no municipality could establish a theatre admissions tax at more than approximately 4½%, instead of the 5% maximum specified by the enabling act, inasmuch as otherwise situations would occur where the breakage would cause the tax upon the price of a ticket to run over 5%. When the Legislature authorized municipalities to levy these taxes at 5%, we think that it meant 5% subject to the manner of handling breakage which is usual in commercial transactions. We think that to be the way in which the enabling act would be interpreted in the ordinary thought of men. That the Legislature so intended is indicated by the circumstance that the enabling act was amended in other respects after the practice had become general of handling breakage in this manner. If that practice had been considered to have been contrary to the original legislative mandate, the Legislature might well have said so while making amendments such as by L. 1950, ch. 590; L. 1951, chs. 602, 811; L. 1952, chs. 742, 789; L. 1953, ch. 547. If the practical construction of a statute is well known, the Legislature is charged with knowledge and its failure to interfere indicates acquiescence therein (*People* v. *Charbineau*, 115 N. Y. 433). It was not until chapter 93 of the Laws of 1955 that anything was enacted upon this point, and then the Legislature did not disavow but confirmed this interpretation. It is so natural an interpretation that it should not be held to weaken or to violate the rule of strict construction in favor of the taxpayer.

Although there appear to be no New York decisions, courts of other States have almost uniformly reached the same result where they have had occasion to decide this question (*Wilson* v. *Philadelphia*, 330 Pa. 350; *F. W. Woolworth Co.* v. *Gray*, 77 N. D. 757; *Mouledoux* v. *Maestri*, 197 La. 525; *Smoky Mountain Canteen Co.* v. *Kizer*, 193 Tenn. 598; *Jensen Candy Co.* v.

*State Tax Comm.*, 90 Utah 359). A possibly contrary decision is *Fischer's Pool Swimming Club* v. *Towamencin Twp.* (69 Montgomery Co. Law Rep. 389, 87 Penn. D. & C. 157) but the judgment in that case was not reviewed upon appeal, and the decision appears not to be entirely consistent with *Wilson* v. *Philadelphia* (*supra*), where the situation was treated as *de minimis*.

Plaintiffs' argument is without substance that section B32–5.0 of the Administrative Code precludes any municipal admissions tax. This section makes it a misdemeanor for a theatre to exact from a patron " any greater amount than such regular or established price or charge [the amount printed on the ticket for the cost of admission] plus the amount of any tax imposed by the Government of the United States ". This section could not have been designed to prevent the imposition of an otherwise proper tax. It simply meant that the theatre could charge no more than the price of the ticket plus admissions taxes, and the reason on account of which the Federal tax is mentioned appears to have been that it was the only tax then imposed upon the purchase of admission tickets. The enactment of this section of the Administrative Code could not and did not prevent the future imposition of taxes by either the State or the city pursuant to an enabling act. The reasonable interpretation of section B32–5.0 is that it prevents charging more for a ticket than the regular or established price, but that it does not prohibit the levying or collection of taxes which may validly be levied upon admissions pursuant to law.

Having arrived at this conclusion, it is not necessary to depend upon the effect of chapter 93 of the Laws of 1955. That act purports to construe the 1947 enabling act and its amendments in the same manner in which it has been construed in this opinion, and to impose retroactively over a period of nine months the same admissions taxes which it is now being held were legally imposed in the beginning. Without disturbing the rule that one session of the Legislature cannot bind later sessions, or the principle that retroactive taxation is generally unconstitutional, we have held that a statute adopted by a subsequent Legislature may be regarded to some extent in resolving ambiguity in a prior enactment (*Matter of Chatlos* v. *McGoldrick*, 302 N. Y. 380, 388), and limited retroactivity has been

upheld in the case of certain taxes (*Matter of Lacidem Realty Corp.* v. *Graves,* 288 N. Y. 354). In any event, the act of 1955 bearing upon the subject of this litigation confirms the views expressed herein. An analysis of its constitutionality in this context would therefore be superfluous.

The order of the Appellate Division should be reversed, and the order and judgment of Special Term, Queens County, reinstated, with costs to appellants in this court and in the Appellate Division. The question certified " Was the order of the Appellate Division properly made? " is answered in the negative.

CONWAY, Ch. J., DESMOND, DYE, FULD and FROESSEL, JJ., concur; BURKE, J., taking no part.

Ordered accordingly.