Gabhielli, J.
(dissenting). There should be an affirmance.
The resolution of these cases is dependent upon the plain and literal meaning of subdivision 5 of section 340-b and subdivision 3.3 of section 349-c of the Highway Law. In resolving the issue of the length of time to which the city is limited on its claim for payment of interest, these two sections must be read together for they both deal strictly and directly with the reimbursement of the amount expended by the city in acquiring property for interstate highways and the interest to be paid on such amounts. The State has repaid to the City of New York the amounts of the various condemnation awards, in addition to full interest thereon for one year as provided by these sections of the Highway Law.
Subdivision 5 of section 340-b (L 1957, ch 707), as applicable herein, provides that the city "shall be reimbursed in full for the costs and expenses incurred by such acquisition for interstate highways * * * in the manner as provided in section three hundred forty-nine-c of this chapter relating to reimbursement of the costs and expenses of acquisitions for the state arterial highways” (emphasis added). Subdivision 3.3 of section 349-c (L 1964, ch 576, § 46) provides clearly and unmistakably that "where the property is acquired by purchase * * * the liability of the state shall thereafter be determined by the amount of damages awarded by the court for the property acquired, with interest on such award from the date of vesting of title to the date of final confirmation of the award by the court (provided that such interest period shall in no event exceed one year in duration from the date of vesting of title), together with costs, charges, and expenses taxed by the court.”
The question before this court is one of interpretation: What is the meaning of "reimbursement in full for the costs and expenses” as used in subdivision 5 of section 340-b? Ordinarily full reimbursement would not include interest payments. Indeed, to the extent that common-law rules apply to the question whether interest is included by these words, there is a presumption that, absent provision for it, interest was not *672 contemplated (New York State Thruway Auth. v Hurd, 25 NY2d 150). Pursuant to our holding in that case, the payment of interest simply cannot be permitted within the context of "reimbursement in full for the costs and expenses” and it is thus settled law that the city has no grounds on which to base a claim for interest unless the statute provides for it. The statutory scheme involved here does make provision for payment of certain interest by incorporating the provisions of subdivision 3.3 of section 349-c into subdivision 5 of section 340-b of the Highway Law. Significantly, however, interest reimbursement is limited to a one-year period. In pertinent part, subdivision 5 of section 340-b provided that the city "shall be reimbursed in full for the costs and expenses” (emphasis added) incurred in connection with acquisitions made by it for the construction of interstate highways and, further, that such reimbursement would be made "in the manner as provided in section three hundred forty-nine-c”; and of compelling significance, certainly controlling here, this section (by subd 3.3) authorized interest reimbursement by the State "provided that such interest period shall in no event exceed one year in duration from the date of vesting of title.” Thus by reading the two sections together, as we are required to do, the city becomes entitled to interest reimbursement, albeit for a limited period. As demonstrated above, a claim for interest must be based on a statutory authorization or by some other agreement, to which we find none. In that the majority contend that the only provision authorizing interest reimbursement, subdivision 3.3 of section 349-c, should be incorporated only as to its procedural aspects, they deprive the city of its only basis for a claim for interest.
The establishment of interest reimbursement by the State was a recognition that some delay might arise in the processing and payment of claims by a city. But a time limitation was placed on this reimbursement to prevent a city from escalating the costs of these projects by its own unnecessary delay. The handling of claims and the consequent inordinate accrual of interest was completely within the control of the city with the result that an unlimited interest liability could place an expanding financial burden on the State which it would be powerless to curtail. Indeed, the serious nature of this problem is vividly underscored by these cases which seek $32,570.40 and $1,696,692.61, respectively, for interest reimbursement beyond the one-year limitation. The interest limita *673 tion was to serve as an incentive to expedite claims, to the advantage of the State and the individual claimants. Whether it failed or not is for legislative evaluation but the sanction imposed cannot be denied.
The majority argues that the provision in subdivision 5 of section 340-b which establishes reimbursement "in the manner as provided in section three hundred forty-nine-c” implies that only an incorporation of procedures was intended, and they rely on Matter of Niagara Falls Power Co. v Water Power & Control Comm. (267 NY 265). The interpretation of this language in Niagara Falls was based on a statutory scheme which revealed a legislative intent to incorporate only procedure. In the present case the legislative history of subdivision 5 of section 340-b and subdivision 3.3 of section 349-c demonstrates a broader intent to include the interest limitation provision and thus the interpretation in Niagara Falls is not applicable.
The legislative history is compelling. In 1961 the Attorney-General issued an opinion stating that the city was not entitled to interest beyond one year (1961 Opns Atty Gen 38) and between 1962 and 1969 at least 13 bills were introduced in the Legislature to eliminate the one-year limitation on interest reimbursement. In 1965 a bill to remove the limitation was vetoed by Governor Rockefeller on the ground that to alter the interest reimbursement would permit the city to delay confirmation of the final awards at the expense of the State and Federal governments (1965 Veto Message No. 111). This activity demonstrates that the Legislature knew of the effect of these two statutes which it approved. Finally, by chapter 1052 of the Laws of 1968 the interest reimbursement period was extended from one to two years.
The Legislature is, of course, deemed to know the impact of the laws they enact and this court may properly look at the history of a statute as an aid in its construction (Woollcott v Shubert, 217 NY 212). Additionally, where construction of that statute is commonly understood, the failure of the Legislature to act indicates acquiescence (Engle v Talarico, 33 NY2d 237; RKO-Keith-Orpheum Theatres v City of New York, 308 NY 493), and where the Legislature has refused to act, that refusal is evidence that the applied construction is correct (New York State Bankers Assn. v Albright, 38 NY2d 430). In this instance abolition of the interest limitation was frequently considered but never became law. Indeed, a compro *674 mise was finally reached which extended the limitation from one year to two years, but this still does not constitute an abolition of* a durational limit, which is the total effect of the majority opinion.
It is well within the Legislature’s purview to determine durational limits on interest liability in the área of appropriations for highway use. They acted in this regard by incorporating the interest limitations of subdivision 3.3 of section 349-c into subdivision 5 of section 340-b and we should recognize this decision.
Reading these sections together does not offend section 16 of article III of the New York Constitution, which proscribes in general language the incorporation of the terms of one statute into another. That provision of the Constitution was created to prevent the Legislature from adopting bills which incorporated by reference other statutes which if fully understood in the total context of the law enacted, would never have been sanctioned (People ex rel. Everson v Lorillard, 135 NY 285; People ex rel. Board of Comrs. of Washington Park v Banks, 67 NY 568). The legislative history of these sections indicates that incorporation by reference is necessary to give them their intended meaning and such interpretation does not contravene the Constitution (McKinney’s Cons Laws of NY, Book 1, Statutes, § 17).
The need to clarify the meaning of subdivision 5 of section 340-b by reference to subdivision 3.3 of section 349-c and the legislative activity indicating that a conjunctive reading was intended, leads but to one conclusion, that the sections must be read together and a durational limit of one year has been placed on interest reimbursement. For the foregoing reasons we need not consider the timeliness issue.
The orders of the Appellate Division should be affirmed.
Judges Jones, Wachtler and Cooke concur with Judge Fuchsberg; Judge Gabrielli dissents and votes to affirm in a separate opinion in which Chief Judge Breitel and Judge Jasen concur.
In Claim No. 47847: Order modified, with costs, and case remitted to the Court of Claims for further proceedings in accordance with the opinion herein and, as modified, affirmed.
In Claim No. 52436: Order reversed, with costs, and order of the Court of Claims reinstated.