Edward Silver, Individually, and Paul Pavlides, Individually, and as Trustee Ad Litem of the Non-Residents Taxpayers Association of Pennsylvania and New Jersey, and others similarly situated, Appellants *v.* Frank L. Rizzo, Mayor of the City of Philadelphia, and Lennox Moak, Director of Finance, and Charles E. Dorfman, Revenue Commissioner, Appellees.

Argued September 26, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS, BLATT, DISALLE and MACPHAIL. Judges MENCER and CRAIG did not participate.

118

*Kenneth E. Aaron,* with him *Casper & Davidson, P.C.,* for appellants.

*Stewart M. Weintraub,* Assistant City Solicitor, with him *John M. McNally, Jr.,* First Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, December 7, 1978:

Appellants, individually and as trustee ad litem of the Non-Residents Taxpayers Association of Pennsylvania and New Jersey (hereinafter Taxpayers) have appealed from a final adjudication and order of the lower court granting the motion of the appellee city officials (hereinafter City) for summary judgment and dismissing their complaint.

Taxpayers instituted this suit by requesting of the lower court a preliminary injunction restraining the City of Philadelphia from levying, collecting, enforcing or imposing the Philadelphia Wage and Net Profits Tax, as amended by Bill No. 207 (Bill 207) and seeking an order declaring said bill void and unenforceable upon the premise that it had not only been promulgated in violation of the councilmanic procedures required by the 1954 Home Rule Charter of Philadelphia, but was also violative of due process under the Fourteenth Amendment of the Constitution of the United States.

After evidentiary hearing and argument, the Chancellor issued an adjudication and decree nisi sustaining the validity of the ordinance. On exceptions, the court *en banc* adopted the Chancellor's adjudication and entered a final order dismissing the Taxpayers' exceptions. It is from this order that an appeal has been taken pursuant to Section 762 of the Judicial Code, 42 Pa. C.S. §762.

In support of this appeal, the Taxpayers reassert their objection to the procedures employed by City Council in enacting Bill 207.[1]

This bill, as originally introduced on April 29, 1976, states in its title that it is an amendment to Section 19-1502(1) of The Philadelphia Code, "relating to the imposition of the 'Wage and Net Profits Tax,' by increasing the rate of the annual tax on salaries, wages, commissions, other compensation and net profits."

The body of the bill, to wit: Section 19-1502(1) of The Philadelphia Code as amended, recited a chronology of the historical increase of the wage and profits tax up to the amendments effective July 1, 1976. After July 1, 1971, the tax stood at a rate of three and five-sixteenths percent; the amended rate is blank.

Public hearings on Bill 207 commenced on May 13, 1976. Thereafter, separate hearing dates were set for May 17, 20 and 27. It was at the hearing on May 20 that the blank rate was filled in and presented to the public as a rate of four and five-sixteenths percent.

---

[1] Taxpayers have, in addition, complained that the Chancellor's Findings of Fact, at least insofar as they pertain to the councilmanic procedures of City Council, are instead Conclusions of Law and should not be adopted or considered by this Court. Because we believe that the Chancellor has comported with both the letter and spirit of the Rules of Equity, Pa. R.C.P. No. 1501 et seq., and because of our independent review of the record, we deem this objection without merit, and limit our discussion to the procedural issue.

Final passage of the bill with the now incorporated increase of one percent took place at the May 27 hearing.

It is the position of the Taxpayers that the introduction of a tax bill which leaves blank the rate of increase violates Section 2-201(1) of the Philadelphia Home Rule Charter (Charter), which requires that:

Every proposed ordinance shall be introduced by bill. Every ordinance, except annual budget ordinances and general codifications and revisions of City ordinances, shall contain not more than one subject which shall be clearly and adequately expressed in its title.

It is their further contention that City Council violated Section 2-201(3) of the Charter by substantially amending the bill after public hearing by inserting the previously omitted tax rate without thereafter holding new public hearings on the amended bill.

The lower court's adjudication and decree is an exhaustively researched and comprehensively reasoned disposition of these contentions. Citing *L. J. W. Realty Corp. v. Philadelphia,* 390 Pa. 197, 134 A.2d 878 (1957); *Gumpert's Estate,* 343 Pa. 405, 23 A.2d 479 (1942); and *Wilson v. Philadelphia,* 330 Pa. 350, 198 A. 893 (1938), which, while specifically addressing Sections 3 and 6 of Article III of the Pennsylvania Constitution, are clearly analogous,[2] Judge ROSENWALD disposed of objection to Bill 207's title in the following manner:

---

[2] Article III of the Constitution outlines procedure in legislation. Section 3 provides that "[n]o bill shall be passed containing more than one subject, which shall be clearly expressed in its title. . . ." Section 6 requires that "[n]o law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only, but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length."

The title of Bill No. 207, as and when initially and originally introduced stated that the purpose of the Bill was to increase the existing tax rate.... [W]hen ... introduced on April 29, 1976, [it] was complete in every respect except for the words expressing the percentage rate of the tax which would apply upon its final enactment....

Wilson v. Philadelphia, [supra] is dispositive of this issue. From that case it appears that in 1938, the City enacted an ordinance, the title of which reflected the imposition of a 'tax upon sales of certain tangible personal property.' The Supreme Court of Pennsylvania there held that these words put all on notice to inquire what sales and property taxes were to be taxed. Further, the ... Court ... held that it was not necessary for the precise rate of tax to be stated in the title of the Ordinance.

. . . .

The plaintiffs failed to produce any member of the public who was misled by the title of the Bill. In addition, the plaintiffs failed to produce any ... witnesses to testify that he or she would have presented his or her views to the Council at the public hearings of the Bill, but who was misled because the title of the Bill did not set forth the specific rate of the proposed tax.

The title of a bill need not be an index of its provisions or a synopsis of its contents so long as it adequately indicates the general subject to which all provisions of the bill are incidental and germane. *McSorley v. Fitzgerald,* 359 Pa. 264, 272, 59 A.2d 142, 146 (1948); *Singer v. Sheppard,* 33 Pa. Commonwealth Ct. 276, 289, 381 A.2d 1007, 1013 (1978); *Bensalem Town-*

*ship School District v. Bucks County Commissioners,* 8 Pa. Commonwealth Ct. 411, 420, 303 A.2d 258, 264 (1973). We are satisfied that the title to Bill 207 adequately describes its purpose, that the specific tax rate increase need not have been incorporated therein, and that the lower court properly decided this issue.

In like fashion, we ascertain no dereliction in the procedures employed to amend Bill 207 and incorporate the one percent increase. There is no dispute that the original meeting of May 13 was published on May 6, and that at the conclusion of the May 13 meeting notice was given to all present, to the news media, and posted in City Hall, that hearing was continued to May 17; whereupon, after two properly continued hearings, the tax increase was incorporated on May 20. The Taxpayers argue that this "amendment" so changed the original purpose of the bill that readvertisement and new hearings were required. Again, we adopt the reasoning of the Chancellor:

In Schultz v. Philadelphia, the Supreme Court of Pennsylvania stated, inter alia, that:

'. . . The object of a public hearing is to enable the legislative body to ascertain preliminarily the views of members of the public in regard to the proposed legislation, but if such views are not sought after the legislation has been substantially amended subsequent to the public hearing the entire purpose of the prescribed procedure would have been defeated . . .'

. . . .

The Supreme Court, however, Willey Appeal, 399 Pa. 84 (1960), refined the Schultz, supra, holding by defining 'substantial' as follows:

'For an amendment to be "substantial" within the Schultz rule there must be a

significant disruption of the continuity of the proposed legislation or some appreciable change in the overall policy of the Bill . . .' . . . .

. . . .

*The subject of Bill No. 207 concerned itself solely with the Wage and Net Profits Tax. This subject matter was not altered, changed or modified at any stage of the legislative process.* After preliminarily obtaining the views of the public and officials of the City administration, Council inserted four and five-sixteenths as the rate of tax to be imposed. This Court is of the opinion that the subject matter of this bill was not altered, changed or modified in any respect; nor did the amendment violate any of the principles set forth in Schultz and Willey, supra. (Emphasis in original.)

This Court is of the same opinion and will affirm.

ORDER

Now, December 7, 1978, the order of the Philadelphia County Court of Common Pleas is affirmed.