*841 OPINION OF THE COURT
James B. Kane, J.
This action arises out of the February 20, 1980 decision of the Court of Appeals in Kurcsics v Merchant Mut. Ins. Co. (49 NY2d 451) wherein it was held that a covered person who has sustained a loss of earnings in excess of $1,000 per month is entitled to recover as first-party benefits 80% of his actual lost earnings up to a maximum recovery of $1,000 per month and not the $800 per month as directed by the New York State Department of Insurance. Kurcsics was awarded the $200 monthly difference plus 2% interest per month on the overdue amount and reasonable attorneys’ fees.
Plaintiff, in this action thereafter, on February 27, 1980 caused a summons and complaint to be served upon defendant seeking the same relief as awarded in Kurcsics on his own behalf and for all others similarly situated not only from Aetna but from all other insurance companies similarly situated. Subsequently, plaintiff by notice of motion advised defendant that plaintiff would be moving pursuant to CPLR 902 for certification of the plaintiff and defendant classes. Before the return date of the class action motion defendant, after failing to obtain plaintiff’s counsel’s consent, moved for an extension of time to answer or otherwise move in response to plaintiff’s complaint. This court in a written decision gave defendant an extension until May 15, 1980.
Defendant by notice of motion dated May 15, 1980 informed plaintiff that on May 29, 1980 defendant would move for an order pursuant to CPLR 2201 staying plaintiff’s action pending the final determination of a motion to dismiss a similar action pending in the Supreme Court, New York County; or in the alternative for an order pursuant to CPLR 3211 dismissing plaintiff’s complaint for failure to state a cause of action. Plaintiff thereon moved for reargument of the prior motion and to enjoin all other similar actions pending in New York State.
Plaintiff contends the court should either move to certify the plaintiff and defendant classes or somehow consolidate all of the other pending similar actions before considering defendant’s motion to dismiss. Defendant contends that the court should first address defendant’s motion to dismiss in that if the court determined Kurcsics was not to be given retroactive application, there would be no basis for plaintiff’s individual or class action claim.
*842 The court will initially address defendant’s motion to dismiss in order to avoid the possibly unnecessary costs and disbursements associated with class notification, discovery and certification.
Defendant asserts various reasons Kurcsics may not or should not be given retroactive effect.
Defendant contends that a retroactive application of Kurcsics would be in violation of the New York and United States Constitutions in that it would be a taking of private property without just compensation due to the calculations used by defendant to establish the prior premium rate structure. Additionally, as to certain subgroups of plaintiffs proposed class defendant contends a retroactive application of Kurcsics would be an impairment of a private contract and, therefore, in violation of section 10 of article I of the United States Constitution.
However, the court finds it unnecessary to address the constitutional issues since in the court’s opinion equity would prevent a retroactive application of Kurcsics in this situation even if such an application was found to be constitutional.
In Chevron Oil Co. v Huson (404 US 97, 106-107), the Supreme Court stated: "In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied [citation omitted] or by deciding an issue of first impression whose resolution was not clearly foreshadowed [citation omitted] Second, it has been stressed that 'we must * * * weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.’ [Citation omitted.] Finally, we have weighed the inequity imposed by retroactive application, for '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hardship” by a holding of nonretroactivity.’ ”
Upon a consideration of these factors it is the court’s opinion that Kurcsics should not be applied retroactively.
The Court of Appeals in Kurcsics (49 NY2d 451, 454, supra) began its opinion by stating: "This appeal raises a question of *843 first impression in this court concerning the construction of the phrase 'first party benefits’ The Court of Appeals resolution of this "question of first impression” cannot be said to have been clearly foreshadowed. In fact the Court of Appeals decision overruled the unanimous determination of the Appellate Division, Fourth Department, in Kurcsics (65 AD2d 192), the unanimous determination of the Appellate Division, Second Department, in Matter of Government Employees Ins. Co. v Sparrow (66 AD2d 782) and the clear language of the regulations promulgated by the New York State Department of Insurance, which defendant had been compelled to follow.
The purpose of the no-fault legislation basically was to eliminate the vast majority of auto accident negligence suits from the judicial arena and to assure prompt compensation to accident victims of substantially all of their economic loss without regard to fault (Montgomery v Daniels, 38 NY2d 41, 46, 55). Insurance basically involves a sharing of risks. The foreseeable risks and the limits of potential exposure are included in the calculation of insurer’s liability and the premiums charged reflect this calculation. Defendant in submitting its premium rate schedule to the Insurance Department, as required by section 677 of the Insurance Law, based its calculations on a potential maximum exposure of $800 per month and not $1,000 per month. A retroactive application of the Court of Appeals decision in Kurcsics, overruling the Insurance Department’s "interpretive regulations” on maximum exposure, could possibly jeopardize some of the insurers’ solvency and ultimately the benefits of other insured individuals. For this reason it has been held that rules applying to insurance or pension funds should not be given retroactive effect unless the Legislature has plainly commanded that result (Los Angeles Dept. of Water & Power v Manhart, 435 US 702).
Since the practical construction of the Insurance Law regarding maximum first-party benefits for loss of earnings had been well known, 11 NYCRR 65.6 (n) (2) (xi) establishing maximum payment of $800 per month has been followed since its effective date of February 1, 1974, the Legislature is charged with knowledge of this construction and its failure to interfere indicates its acquiescence (see RKO-Keith-Orpheum Theaters v City of New York, 308 NY 493, 500; Engle v Talarico, 33 NY2d 237, 242; Matter of Hellerstein v Assessor of Town of Islip, 37 NY2d 1, 10). Retroactive application of *844 Kurcsics could not be said to be commanded by the Legislature.
Besides possibly jeopardizing the solvency of some of the insurers and thereby ultimately the benefits of other insured individuals a retroactive application of Kurcsics is not necessary to insure that future claims up to a maximum of $1,000 per month are promptly paid.
Finally, a retroactive application of Kurcsics would produce substantial inequitable results.
There is no evidence of bad faith on the part of defendant. Defendant felt it was mandated to follow the regulations established by the Insurance Department in regards to the maximum recoverable first-party benefits and it did so. Defendant relied on these regulations in assessing its premium rate schedule pursuant to section 183 of the Insurance Law and in paying $800 maximum per month on the claims submitted to it. It is well established that reliance interests weigh heavily in the shaping of an appropriate equitable remedy (Lemon v Kurtzman, 411 US 192, 203). The Court of Appeals in New York Pub. Interest Research Group v Steingut (40 NY2d 250, 261) after determining that certain legislative allowances were unconstitutionally authorized held that "equitable interests of fairness and justice” mandate that no reimbursement be demanded from the recipients who, in good faith and supported by long-continued practice, relied on the disbursements as authorized and proper.
These "equitable interests of fairness and justice” would seem to forbid a retroactive application of Kurcsics. In New York Pub. Interest Research Group v Steingut (supra), the legislators actually received unauthorized funds while in the present situation defendant never charged, nor would have been able to justify charging increased premiums to cover the difference between a maximum monthly exposure of $1,000 as opposed to $800. Defendant has taken nothing from plaintiff that equity demands he should be compelled to return (see Atlantic Coast Line v Florida, 295 US 301, 310).
Additionally, defendant in a supporting affidavit by an actuary with Allstate alleges that "[u]nder commonly accepted insurance ratemaking principles, ratemaking is prospective for losses which are anticipated to be incurred in connection with insurance policies to be issued on or after specified future date. Nonrecurring past losses, such as those which would directly flow from the retroactive application of the Kurcsics *845 decision, would not be recovered in future ratemaking proceedings”. If there exists no methods for defendant to recoup or somehow recover the losses incurred by a retroactive application of Kurcsics such an application would clearly bring about an equitable result.
Precedent exists for and equity demands a prospective application of a decision such as Kurcsics (New York Pub. Interest Research Group v Steingut, supra; Chevron Oil Co. v Huson, 404 US 97, supra; Atlantic Coast Line v Florida, supra; Miranda v Arizona, 384 US 436). The Court of Appeals in Hellerstein v Assessor of Town of Islip (37 NY2d 1, supra), after determining that fractional assessment was in violation of the New York Constitution felt that equity demand that their determination be given prospective application not just from the date of the decision, June 5, 1975 but from December 31, 1976, approximately a year and one-half later.
For the reasons stated above it is this court’s opinion that Kurcsics is not to be given retroactive application and for that reason defendant’s motion for an order pursuant to CPLR 3211 dismissing plaintiffs complaint for failure to state a cause of action is granted.