*1127 OPINION OF THE COURT
Martha K. Zelman, J.
Motion before the court is for an order pursuant to CPLR 7510 entitled: "Confirmation of award. The court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified upon a ground specified in CPLR 7511” confirming the arbitrator’s award and authorizing entry of judgment thereon. An arbitration hearing was held in the above matters before arbitrator Melvin Metzger, County of Queens, pursuant to CPLR 7502 (subd [a]) entitled: "Applications to the court; venue. A special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy which is not made by motion in a pending action. The proceeding shall be brought in the court and county specified in the agreement; or, if none be specified, in a court in the county in which one of the parties resides or is doing business, or, if there is no such county, in a court in any county; or in a court in the county in which the arbitration was held. All subsequent applications shall be made by motion in the pending action or the special proceeding.”
Said arbitrator’s award was not paid. The controversy arose as the result of a claim for work loss benefits under the no-fault law (Insurance Law, art 18). Subject award was transmitted to the parties on July 11, 1978, "award provided interest is to accrue 30 days after Respondent received notice of the award”. Petitioner and respondent entered into an agreement wherein the parties agreed that respondent would pay work loss benefits, as awarded, to the extent of $800 per month without prejudice, to each party with respect to whether or not the maximum sum of money available under the no-fault law for work loss benefits was either $800 or $1,000 per month. The parties entered into a written agreement providing they were free to make their own court application. Respondent, pursuant to said agreement, paid all sums due under the award except the sum of $1,000 which was the difference between $800 and $1,000 per month disputed maximum limitation. Petitioner argues that he is entitled to the balance due of $1,000 plus interest from August 11, 1978.
The issue in the case before the court is whether or not after considering the law concerning enforcement of no-fault arbitrator’s awards, whether a regulation of the Department of Insurance or a proposed regulation (11 NYCRR 65.18) or *1128 pendency of a lawsuit which petitioner is not a party to entitles respondent to a stay of enforcement of the arbitrator’s award.
The court finds an arbitrator’s award must be enforced where it meets court-approved standards. The Appellate Division, Second Department, set down a standard to be applied with regard to when a court may refuse to enforce a no-fault arbitrator’s award. See Matter of Shand (Aetna Ins. Co.) (74 AD2d 442, 454) wherein the court held: "[t]he test thus applicable for review of no-fault arbitrations where error of law is an issue * * * whether any reasonable hypothesis can be found to support the questioned interpretation.”
Here the arbitrator’s award meets the standard of review and there is no reasonable hypothesis why the award should not be confirmed.
The real issue is whether or not the Superintendent of Insurance enacted emergency regulation 11 NYCRR 65.18 stays confirmation of the award to the extent of that which has not yet been paid. Respondent argues that a notification from the Superintendent of Insurance dated May 1, 1980 states: "The regulation which applies to all arbitrations whose hearings are scheduled to commence on or after May 15, 1980, is being promulgated as an emergency regulation under the State Administrative Procedural Act, in order to avoid irreparable harm to claimants, insurers or self insurers which could result from inconsistent determinations by arbitrators or master arbitrators on the scope of the Kurcsics decision, an issue which must finally be resolved by the Court.”
The arbitration in the present case was held before May 15, 1980; therefore, this proposed regulation does not apply to the case at bar. The court fails to see how the Superintendent of Insurance could hold that the right of a no-fault claimant to $1,000 maximum work loss benefits is applicable only to accidents occurring after February 20, 1980.
See Kurcsics v Merchants Mut. Ins. Co. (49 NY2d 451, 458) wherein the court held: "In our opinion, the language of section 671 (subd 2, par [a]) which reads 'lost earnings pursuant to paragraph (b) of subdivision one of this section’ refers only to so much of paragraph (b) of subdivision 1 which defines lost earnings, to wit: 'loss of earnings from work which the injured person would have performed had he not been injured, and reasonable and necessary expenses incurred by such person in obtaining services in lieu of those that he *1129 would have performed for income’. The $1,000 per month limitation embodied in section 671 (subd 1, par [b]) is not part and parcel of the definition of lost earnings, but, merely, represents the outer limit of recovery set down by the Legislature by the no-fault automobile insurance scheme. Thus, we hold today that an injured person can recover up to $1,000 per month from the insurance carrier for lost earnings. The statutory scheme envisions nothing less.”
In the above matter Otto Kurcsics sustained his injuries on April 1, 1977 and was entitled to receive $1,000 per month in work loss benefits.
Originally the Superintendent of Insurance held the $800 figure per month but after the Court of Appeals decided the Kurcsics case the superintendent said the statute has been amended to maximum of $1,000 per month for loss benefits for persons injured on or after February 20, 1980 but only $800 if injured before February 20, 1980.
Otto Kurcsics sustained his injuries April 1, 1977 and is to receive $1,000 a month — the law, however, is no different for accidents occurring before or after February 20, 1980. The Kurcsics decision nowhere makes that differentiation.
Section 93 of McKinney’s Statutes (McKinney’s Cons Laws of NY, Book 1) states: "As a general rule, a statute speaks, not from the time when it was actually enacted or when the courts are called upon to interpret it, but as of the time it took effect. 'The act must * * * be construed as the courts would have construed it if it had come in question soon after its passage.’ ” (Emphasis supplied.)
The Kurcsics court interpreted the statute effective February 1, 1974 — the date the statute took effect. The Supreme Court is a court of lower jurisdiction and is duty bound to follow a Court of Appeals decision. In Kurcsics, the court made an extensive analysis of the legal authority of the Superintendent of Insurance to promulgate regulations and to what extent such regulations would be upheld.
An administrative regulation will not pass judicial scrutiny unless it falls within parameters set forth in New York Jurisprudence (see 2 NY Jur 2d, Administrative Law, §§ 102, 103).
Examples of a number of no-fault regulations promulgated by Superintendent of Insurance that have failed to pass judicial scrutiny are: Kurcsics v Merchants Mut. Ins. Co. (49 *1130 NY2d 451, supra); Colon v Aetna Cas. & Sur. Co. (48 NY2d 570); Matter of Empire Mut. Ins. Co. (Konetsky) (43 NY2d 889); and State Farm Mut. Auto. Ins. Co. v Brooks (101 Misc 2d 704).
The attorney for respondent argues the Gurnee v Aetna Life & Cas. Co. case (104 Misc 2d 840) wherein Justice Kane refused class action at all to Gurnee who sought no-fault benefits on his own behalf and for a class of others in the same position. Justice Kane also would not give the Kurcsics decision retroactive application. Justice Kane reasoned that premiums were collected on the basis of $800 no-fault work loss benefits and paying $1,000 per month no-fault benefits where premiums had not been collected would result in insurer’s insolvency. The court wishes to point out by the same reasoning nonworking citizens, senior citizens, students, unemployed men and women have been paying for the same insurance coverage since 1974 as working citizens who are insured and yet if they were injured they would not be entitled to any loss of earnings. The larger number of claimants insured earn far below the $1,000 per month.
Nevertheless the issue here is an issue of law. The Kurcsics decision is law. The Superintendent of Insurance’s promulgation applies only to arbitrations held on or after May 15, 1980. The case at bar is distinguishable from the Gurnee case since here we are dealing with a self-insurer not an insurance company.
Accordingly the arbitrator’s award is confirmed as herein prayed for. Judgment for petitioner for $1,000 plus interest from August 11, 1978 at the no-fault rate of 2% per month compounded.